VICTOR LEWIS v. G. V. LEWIS.

(Filed 21 February, 1923.)

**Wills—Estates—Inheritance—Death of Devisor—Presumption of Death—Deeds and Conveyances.**

> The father devised his lands to his four sons as tenants in common, and one of them conveyed to the other, after his father's death, all of his "right, title and interest in and to the estate of my late father." One of the sons left home before the death of his father and was not heard of for

a period of seven years under circumstances upon which the law would presume his death, and cast the inheritance from him upon his other brothers: *Held*, the presumption of death did not fix the time thereof at any definite time within the seven-year period, and it being necessary for the grantee in the deed to show that his brother predeceased his father, only that part of the land his grantor took under his father's will passed under the deed.

APPEAL by defendant from *Ferguson, J.*, at November Special Term, 1922, of WASHINGTON.

Civil action to recover of the defendant a one-third interest in the lands of Tasso Lewis, presumably deceased brother of both plaintiff and defendant.

Upon the facts agreed, his Honor rendered judgment in favor of the plaintiff. Defendant appealed.

*Van B. Martin for plaintiff.*
*Zeb Vance Norman for defendant.*

STACY, J. On 2 September, 1895, W. W. Lewis of Washington County died, leaving a last will and testament in which he devised a tract of land, containing 160 acres, more or less, to his four children, Eliza H. Lewis, G. V. Lewis, Victor Lewis, and Tasso Lewis, as tenants in common, subject only to a life estate which was given to the testator's wife.

On 13 March, 1896, Victor Lewis, plaintiff herein, conveyed to his brother, G. V. Lewis, defendant herein, by full warranty deed, all his "right, title, and interest in and to the estate (real, personal, and mixed) of my late father."

Some time during the year 1894, Tasso Lewis left the State of North Carolina, and, at the time of his father's death, he was thought to be somewhere in the State of Virginia, but he has never been seen or heard of since his departure in 1894 by any member of his family, or by any other person likely to have heard, so far as the parties to this suit are able to ascertain.

It is conceded that Tasso Lewis is presumably dead, but there is no finding as to when he died. It is also conceded that his share in his father's estate would go to the other devisees under the will of W. W. Lewis, whether Tasso predeceased his father or not. The crucial question is: Do they take as heirs of their father or as heirs of their brother, Tasso?

The defendant contends that the land in question was originally a part of his father's estate, and that the plaintiff, by his deed of 13 March, 1896, conveyed to him all his right, title, and interest therein. The plaintiff, on the other hand, contends that he is entitled to a one-third

interest in the land as heir to his brother Tasso, and that nothing passed by his deed of 13 March, 1896, except the one-fourth interest which he acquired as devisee under his father's will.

There is no presumption that Tasso Lewis was dead when his father died in 1895, nor is there any presumption that he was dead at the time of the execution of the plaintiff's deed in 1896. Manifestly, the interest which the plaintiff derives from his brother Tasso is as distinct from the interest he had in his father's estate as if he had acquired his title from a stranger, or any other source. Indeed, if Tasso were living at the time, the plaintiff had no such interest when the deed was made. *Gilbert v. James,* 86 N. C., 245.

Where a party has been absent from his home or domicile for a period of seven years, without being heard of by those who would be expected to hear from him, the only presumption arising from such absence is that he is then dead; that is, at the end of the seven-year period; but there is no presumption as to the exact time of his death. *Beard v. Sovereign Lodge,* 184 N. C., 154, and authorities there cited.

In the English case of *Dunn v. Snowden,* 11 W. R., 160, it was held that where a party who takes under a will has not been heard of for seven years, the testator having died after three years had elapsed, and advertisement issued on the death of the testator, failing to produce any information, such legatee must be assumed to have survived the testator, and cannot be presumed to have died at any particular period during the seven years. See 1 Greenleaf on Evidence, sec. 41.

In the case at bar, the defendant's title being dependent upon his showing that Tasso Lewis predeceased his father, and there being no evidence or presumption to establish the fact, we must uphold the judgment in favor of the plaintiff.

No error.