### ROSE M. HEAD v. PRUDENTIAL INSURANCE COMPANY.

(Filed 20 May, 1936.)

**Compromise and Settlement B b—Compromise agreement held to preclude recovery by plaintiff under facts of this case.**

After the absence of insured for over seven years without being heard from, the beneficiary, who had kept the policy in force by paying premiums, agreed with insurer to accept the cash surrender value of the policy with the privilege of reopening the case in the event the beneficiary could ever prove insured died prior to the lapsing of the contract. *Held:* The compromise agreement precludes the beneficiary from reopening the case except upon proof of actual rather than presumptive death.

APPEAL by plaintiff from *Pless, J.,* at November Term, 1935, of GUILFORD.

Civil action to recover on $4,000 policy of insurance issued by defendant 30 December, 1910, on life of Frank M. Head, and made payable to plaintiff as beneficiary.

In 1915 the insured disappeared. The plaintiff paid the premiums until 30 December, 1923, when the policy lapsed, provided the insured was then living. Plaintiff insisted the insured was presumably dead and demanded payment of the policy. Defendant denied death of insured, but agreed to pay, in compromise settlement, the cash surrender value of the policy, $1,341.35, with privilege to plaintiff "of reopening the case in the event you can ever prove death occurred prior to the lapsing of the contract." This offer was accepted 30 April, 1925.

In 1934, the plaintiff attempted to reopen the matter and instituted this action, but offered only the presumptive evidence of death, which existed at the time of the compromise settlement.

From directed verdict and judgment for defendant, accordant with terms of compromise settlement, the plaintiff appeals, assigning errors.

*C. C. Barnhardt and Frazier & Frazier for plaintiff.*
*Brown & Trotter and Smith, Wharton & Hudgins for defendant.*

PER CURIAM. The trial court correctly interpreted the privilege, accorded plaintiff in the compromise settlement, to mean that the matter could be reopened upon actual, rather than presumptive, proof of death prior to 30 December, 1923. *Lewis v. Lewis*, 185 N. C., 5, 115 S. E., 885. Plaintiff's interpretation of the agreement would render the settlement meaningless.

No error.