CENTRAL BANK AND TRUST COMPANY, COADMINISTRATOR OF THE ESTATE OF J. W. HIGGINS, DECEASED, v. BOARD OF COMMISSIONERS OF YANCEY COUNTY.

(Filed 23 May, 1928.)

1. **Executors and Administrators—Appointment—Only Clerks of Court May Appoint Administrator.**

    The authority to appoint administrators for the estate of a deceased person is given to the clerk of the court of the proper county alone. C. S., 1.

2. **Trusts—Resulting Trusts—Person Named by Trial Court to Settle Estate According to Judgment is Trustee and Not Administrator.**

    A consent judgment entered by the court in the action of the beneficiaries of a deceased person, some claiming under an alleged will and the others as heirs at law, disposing of the estate, and therein naming those to act thereunder, does not constitute those named therein as administrators, and they will be regarded as trustees or agencies to carry out the provisions of the consent judgment.

3. **Taxation — Exemptions — Charitable Organizations — Property Bequeathed to Charity and Held by Trustee Appointed by Court to Administer Estate.**

    Where no administrator of a deceased intestate has been appointed by the clerk of the court, and some of the parties claim under an alleged will unprobated, and the others as heirs at law, and a consent judgment has been entered by the judge, disposing of the property which has been accomplished by certain persons designated in the judgment as administrators or commissioners, excepting certain notes to be collected for two religious and charitable organizations: *Held*, the proceeds are the undivided property of the designated organizations as tenants in common, C. S., 7768, 7901, subject to division by the commissioners appointed by the consent judgment, and is not subject to taxation, and when paid under protest may be recovered.

APPEAL by plaintiff from *McElroy, J.,* at March Term, 1928, of YANCEY. Reversed.

Action to recover the sum of $523.90 paid, under protest, by plaintiff as part of a tax levied by defendant, for the year 1926, upon certain notes in possession of plaintiff and another and held by them for collection and for payment in part to certain corporations, the sums so paid to be used by said corporations exclusively for religious and charitable purposes.

From judgment upon a statement of facts agreed, plaintiff appealed to the Supreme Court.

*A. Hall Johnston for plaintiff.*
*G. D. Bailey and Watson, Hudgins, Watson & Fouts for defendants.*

CONNOR, J. J. W. Higgins died in Yancey County, on or about 2 April, 1923. He left a large estate, consisting of both real and personal property. A controversy arose, with respect to this estate, between his heirs at law, of the one part, and the Children's Home, a corporation engaged in conducting a home for children under the auspices of the Western North Carolina Conference of the Methodist Episcopal Church, South, Rutherford College, Inc., and Thomas F. Higgins, of the other part. The heirs at law contended that said J. W. Higgins had died intestate, and procured the appointment of an administrator of the said J. W. Higgins, by the clerk of the Superior Court of Yancey County. The other parties to the controversy contended that the said J. W. Higgins had left a last will and testament, by which he had bequeathed and devised to them certain property. The litigation resulting from this controversy was ended by a consent judgment, by the terms of which it was ordered that there should be a joint administration of the estate, by Joseph A. Higgins, representing the heirs at law, and the plaintiff herein, representing the other parties to the litigation. It was further ordered that the said administrators should have power to administer the said estate, to the same extent, and with the same authority as if they had been originally appointed and qualified as such by the clerk of the Superior Court of Yancey County. Pursuant to the agreement of all parties to the litigation, and with their consent, it was ordered, adjudged and decreed that the heirs at law of J. W. Higgins were entitled to one-half of the estate of J. W. Higgins, deceased, and that the Children's Home, Inc., and the Western North Carolina Conference of the Methodist Episcopal Church, South, were entitled, each to one-fourth of said estate. It was further ordered that said estate should be distributed in accordance with the judgment.

Pursuant to the provisions of said consent judgment, the plaintiff, and Joseph A. Higgins have proceeded with the administration and settlement of the estate of J. W. Higgins, deceased; they have distributed all the assets of said estate, which have come into their hands, in accordance with the terms of said judgment, except certain notes, which they now hold for collection. The Children's Home, Inc., and the Western North Carolina Conference of the Methodist Episcopal Church, South, by the terms of the consent judgment, are entitled to one-half of all said notes. One-half of the proceeds of the collection of said notes will be

paid by plaintiff and the said Joseph A. Higgins to the said corporations. Both the Children's Home, Inc., and the Western North Carolina Conference of the Methodist Episcopal Church, South, are religious and charitable institutions; the money derived from the collection of said notes, and paid to them will be used exclusively for religious and charitable purposes. The notes now in the possession of plaintiff and Joseph A. Higgins, are held by them solely for collection, and distribution under the terms of the consent judgment. They are the only remaining assets of the estate of J. W. Higgins, all the other assets, both real and personal, of said estate, having been heretofore distributed in accordance with the terms of the judgment.

The defendant, the board of commissioners of Yancey County, levied a tax for the year 1926 upon the notes now in possession of plaintiff and Joseph A. Higgins, and held by them as aforesaid. Joseph A. Higgins, representing the owners of one-half of said notes, paid the sum of $523.90, this sum being one-half of the amount levied by defendant as the tax on said notes. Plaintiff, representing the owners of the other half of said notes, paid the remaining half of said tax, to wit, the sum of $523.90, protesting, however, at the time of such payment, that the interest in said notes, which it represented, was exempt, by statute, from taxation, for the reason that said interest was owned by the Children's Home, Inc., and the Western North Carolina Conference of the Methodist Episcopal Church, South, for religious and charitable purposes only.

This action was thereafter brought by plaintiff, within the time prescribed by statute, for the recovery of the sum of $523.90, the amount of the tax paid by it, under protest, the same being one-half the amount levied by defendant as a tax upon the notes in the possession of plaintiff and Joseph A. Higgins. The action was heard upon a statement of facts agreed. From judgment that plaintiff is not entitled to recover, and that it take nothing by this action, for the reason that the tax was lawfully levied and collected, plaintiff appealed to this Court.

While plaintiff and Joseph A. Higgins are designated as administrators of J. W. Higgins, deceased, in the consent judgment, by which they were authorized and empowered to take into their possession the assets of his estate, and to distribute said assets, in accordance with the agreement of the parties, as set out in the judgment, they are not, strictly speaking, administrators; they are, rather, receivers, appointed by the court, with the consent of the parties, to carry out the provisions of the judgment, with respect to the distribution of the assets of the estate of J. W. Higgins. The judgment was rendered by the Superior Court in term time; it was signed by the judge presiding. Jurisdiction to appoint an administrator of a deceased person, who has died intestate, and to issue letters for the administration of his estate is conferred by statute

exclusively upon the clerk of the Superior Court of the county in which decedent was domiciled at or immediately previous to his death. C. S., 1. The powers and authority conferred upon plaintiff and Joseph A. Higgins, by the judgment, exceed the power of an administrator, as prescribed by statute. They were authorized and empowered "either as administrators or as commissioners to sell for cash or otherwise, either at public or private sale, as they jointly may determine, any of the property belonging to the estate of J. W. Higgins, either real or personal, and whether located in the State of North Carolina, the State of Tennessee, or elsewhere, and to execute good and sufficient deeds or other instruments for the purpose of vesting a good and sufficient title, without further application to or order from any other court of North Carolina and the action of said administrators or commissioners in the premises and in the making of such sale and conveyance is hereby in all respects ratified and confirmed."

The beneficial title to the notes now in possession of plaintiff and Joseph A. Higgins, and upon which the defendant levied a tax for the year 1926, was not in them, jointly, as administrators; such title, as to one-half of said notes, was in the parties represented by Joseph A. Higgins, and as to the other half, in the parties represented by plaintiff. Under the terms of the judgment, the said Joseph A. Higgins and the plaintiff were authorized and empowered to collect said notes and to distribute the proceeds of such collection, one-half to the heirs at law of J. W. Higgins, and the remaining half to the Children's Home, Inc., and the Western North Carolina Conference of the Methodist Episcopal Church, South. For all purposes, except collection and distribution, the title to one-half of said notes, by virtue of the judgment, vested at once in the Children's Home, Inc., and the said Western North Carolina Conference. The said Children's Home, Inc., and the said conference, are the owners of an undivided one-half interest in said notes, and the heirs at law of J. W. Higgins, deceased, are the owners of the other undivided one-half interest in same. It is so adjudged in the consent judgment. Plaintiff and Joseph A. Higgins have possession of said notes, as agents, or trustees of the respective parties, and as receivers appointed by the court, with the consent of the parties, only for the purpose of collection and distribution.

The parties represented by plaintiff, and the parties represented by Joseph A. Higgins, respectively, derive their title to their respective undivided interests in said notes from the consent judgment; they do not derive title from plaintiff and the said Joseph A. Higgins, as administrators of J. W. Higgins. Under the terms of their agreement as set out in the consent judgment, they are the owners of said notes, as tenants in common, and as such are entitled to have partition. C. S., 3253. By

consent, the partition is to be made by plaintiff and Joseph A. Higgins, who are designated in the judgment both as administrators and as commissioners.

Upon the facts agreed, and under the statutes of this State—C. S., 7768 and C. S., 7901—the undivided one-half interest in said notes, owned by the Children's Home, Inc., and the Western North Carolina Conference of the Methodist Episcopal Church, South, exclusively for religious and charitable purposes, was exempt from taxation, at the time the tax was levied, and at the time one-half of said tax was paid by plaintiff. There is error in the judgment holding to the contrary. Judgment should be entered that plaintiff recover of defendant the sum of $523.90 with interest and costs. The judgment from which plaintiff appealed to this Court is

Reversed.