E. D. STEELE v. METROPOLITAN LIFE INSURANCE COMPANY OF NEW YORK.

(Filed 19 December, 1928.)

1. **Insurance—Life Insurance—Proof of Death—Presumption of Death After Seven Years Absence.**

The common-law presumption of death of a person who has disappeared and not been heard from for seven years, under certain conditions, applies to a policy of insurance issued upon a person's life, and when he has validly assigned the policy for the payment of a debt, the person to whom it has been assigned may upon the necessary proof legally established, recover the amount of the policy from the insurance company, and an order requiring him to give a bond for the protection of the company paying the policy in the event the insured should still be alive, is erroneous. *Springer v. Shavender*, 116 N. C., 12, based upon the right of an administrator to sell lands to pay decedent's debts, cited and distinguished.

2. **Same.**

The common-law doctrine of presumptive death becomes a part of a contract of life insurance as if therein written.

3. **Death—Evidence of Death—Presumption of Death After Seven Years Absence—Questions for Jury.**

Sufficient evidence of presumptive death under the common law takes the question of the death to the jury in rebuttal of the presumption that the person is yet alive.

4. **Same—Common Law.**

The doctrine of the common law as to presumptive death is not repealed or affected by statute, and obtains in our courts. C. S., 970.

APPEAL by plaintiff from *Stack, J.*, and a jury, at June Term, 1928, of GUILFORD. Reversed.

This was an action brought by plaintiff against defendant, on 27 September, 1926, to recover on a policy of insurance. John M. Harrell had a 10-year term policy in the sum of $2,500 on his life in defendant's company. For value it was transferred to plaintiff and assented to by defendant, on 5 February, 1913. The policy was issued 13 November, 1912, the annual premium being $27.25. It was renewed 13 November, 1922, the annual premium being $34.88.

The following allegations of plaintiff are admitted by defendant: "That said policy of insurance carries the privilege of renewal or extension under certain conditions, all of which have been complied with. That on 9 November, 1922, the said policy was renewed for the further term of ten years from 13 November, 1922, to 13 November, 1932, by agreement between the interested parties, including this plaintiff, sub-

ject to all its conditions, agreements and provisions, except that the insured should in each and every year during said term pay a premium of $34.48. That all premiums which have matured and become payable by the terms of said policy have, in accordance with the terms thereof been paid."

It is alleged by plaintiff that for more than seven years before bringing this action John M. Harrell had left his home in High Point, N. C., and had gone to Gainesville, Fla., stayed there a short while, and has never been heard of since. Diligent search and inquiry have been made for him by his relatives and friends in North Carolina and also by his friends in Gainesville, Fla. No communication has ever come from him to his family and friends or anyone else. That "this plaintiff verily believes that the said Harrell is in fact dead, as well as presumptively dead from his long absence without news from him. That prior to the bringing of this action this plaintiff made proof of the death in fact or presumptive death on account of the matters and things hereinbefore set out of the said Harrell and demanded payment of the said $2,500, according to the terms of said policy, on account of the matters and things hereinbefore set out; that payment was refused by the defendant."

Defendant denied that Harrell was dead and demanded strict proof, and contends that he has been heard from in the last seven years. The defendant introduced no testimony, but the defendant, on cross-examination, elicited from plaintiff's witnesses evidence tending to show that the said John M. Harrell was seen by his nephew, J. C. Reitzel, in Norfolk, Va., in 1919, and that at the time he was an officer in the United States Navy, going under an assumed name, and that it had been reported to friends and relatives that he was in California, Cuba and South America. That he got into financial difficulties in High Point and also in Gainesville, Fla.

It was in evidence that Harrell owed plaintiff more than the face amount of the policy.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the insured, John M. Harrell, dead at the date of bringing this action? Answer: Yes.

"2. Did the said John M. Harrell assign the policy sued on in this action to E. D. Steele, the plaintiff, as alleged in the complaint? Answer: Yes.

"3. Does the indebtedness of the said John M. Harrell to the said E. D. Steele amount to as much as the face amount of said policy? Answer: Yes."

The evidence introduced by plaintiff was sufficient to be submitted to the jury on the issues.

The judgment in the court below is as follows: "On motion of King, Sapp and King, attorneys for plaintiff, it is ordered, adjudged and decreed by the court that the plaintiff, E. D. Steele, have and recover of the defendant, Metropolitan Life Insurance Co., of New York, the sum of $2,500, the face of the policy sued on, together with interest thereon from 28 September, 1926, till paid, together with the costs of the action to be taxed by the clerk. No execution to issue until plaintiff files bond in the sum of $3,000, with sufficient surety to indemnify defendant against loss in event John M. Harrell is in fact living."

Plaintiff excepted and assigned error to the following part of the judgment: "No execution to issue until plaintiff files bond in the sum of $3,000, with sufficient surety to indemnify defendant against loss in event John M. Harrell is in fact living."

*King, Sapp & King* for plaintiff.
*Brooks, Parker, Smith & Wharton* for defendant.

CLARKSON, J. Has the court the power to require plaintiff, who is assignee of a life insurance term policy, *to give bond for return of money awarded by verdict of a jury,* to wit, amount of policy which is less than amount due the plaintiff by insured, on allegation and proof of absence of insured for more than seven years without being heard from by those who would be expected to hear if insured were living? We think not.

The policy issued is a ten-year renewable term policy. It was issued on 13 November, 1912, and renewed on 12 November, 1922.

Defendant contends that the case presents a new question in this jurisdiction, and cites as an analogous case *Springer v. Shavender,* 116 N. C., 12—rehearing *Springer v. Shavender,* 118 N. C., 33. The *Springer case* is bottomed on a statute (C. S., 74) : "When the personal estate of a *decedent* is insufficient to pay all of his debts . . . to sell the real property for the payment of the debts of such *decedent.*"

That case, and the authorities relied on, are to the effect that the jurisdiction acquired is to deal with the estates of *dead men.* The Court in that case (116 N. C., 12), quoting headnote, held: "The appointment of an administrator upon the estate of a living man is void for all purposes, and everything that is founded upon it is a nullity, because there was no jurisdiction to appoint. *(Quœre,* whether an administration granted, not upon false information as to a person's death, but upon a presumption of law arising from his absence without being heard from for seven years, does not make the acts of the administra-

tion valid." In the body of the opinion it is said (at p. 18) : "Should a case be presented where administration has been granted not upon false information of a person's death but upon a presumption of law arising from his absence without being heard from for seven years, a different question might be presented." The present action is one at law based on the contract.

General laws of a State in force at the time of execution and performance of contract become part thereof. *Ryan v. Reynolds,* 190 N. C., 563; *Hughes v. Lassiter,* 193 N. C., at p. 657.

As a party consents to bind himself, so shall he be bound. *Ideal Brick Co. v. Gentry,* 191 N. C., 640.

C. S., 970, is as follows: "All such parts of the common law as were heretofore in force and use within this State, or so much of the common law as is not destructive of, or repugnant to, or inconsistent with, the freedom and independence of this State and the form of government therein established, and which had not been otherwise provided for in whole or in part, not abrogated, repealed or become obsolete, are hereby declared to be in full force within this State." Jones on Evidence (2d ed.), part of sec. 61, is as follows: *"Presumptions of death after seven years absence.* As the courts had to resort to the presumption of the continuance of life, in the absence of direct proof of life or death, in order to settle important rights which were often involved, it became equally necessary to adopt some counter presumption in classes of cases where the death of the person would in the ordinary course of events seem more probable than the continuance of life. Accordingly in analogy to certain English statutes the courts adopted the rule that 'A person shown not to have been heard of for seven years by those (if any) who, if he had been alive, would naturally have heard of him, is presumed to be dead, unless the circumstances of the case are such as to account for his not being heard of without assuming his death.' " 17 C. J., pp. 1166-67; secs. 5 and 6; *Sizer v. Severs,* 165 N. C., 500; *Beard v. Sovereign Lodge,* 184 N. C., at p. 157.

Cooley's Briefs on Insurance (2d ed.), Vol. 6 (1928), p. 5167-8, says: "In the case of the disappearance of the insured, the proof of death must rest on either circumstantial evidence or presumption. Death cannot be inferred from the mere fact of disappearance, but all the facts and circumstances connected therewith must be considered (*Fidelity Mut. Life Ass'n v. Mettler,* 185 U. S., 308, 22 S. Ct., 662, 46 L. Ed., 922), and while the plaintiff is not bound to prove conclusively that the insured is dead, he is bound to produce such evidence as would fairly lead to such presumption (*Modern Woodmen v. Gerdom,* 77 Kan., 401, 94 P., 788). . . . (p. 5169.) *The common-law presumption of death after an absence of seven years, during which the person*

*has not been seen or heard from, is applied in the case of a disappearance of an insured.* (Italics ours.) *Kendrick v. Grand Lodge A. O. U. W.,* 8 Ky., Law Rep., 149; *Mutual Ben. Life Co. v. Martin,* 55 S. W., 694; 108 Ky., 11; *Hancock v. American Life Ins. Co.,* 62 Mo., 26; *Supreme Commandery of Order of Knights of Golden Rule v. Everding,* 20 Ohio Cir. Ct. R., 689, 11 O. C. D., 419; *Reynolds v. North American Union,* 204 Ill. App., 316; *Shank v. Modern Woodmen,* 213 Ill. App., 506; *Seidenkranz v. Supreme Lodge, Knights and Ladies of Honor,* (Mo. App.), 199 S. W., 451. . . . (p. 5170.) The presumption as to the fact of death arising from the absence of the insured does not, however, carry with it any presumption as to the time of death. That branch of the question must rest on proof." *Ingram v. Metropolitan Life Ins. Co.,* 37 Ga. App. Rep., 206, 139 S. E., 363. *Lewis v. Lewis,* 185 N. C., 5.

The presumption of death after seven years absence of one who has disappeared and has not been heard from, after diligent search and inquiry, in reason and by authorities, applies to those who are insured. The presumption of seven years has long been the common law, which obtains in this jurisdiction. The contract of insurance is interpreted in reference to existing laws pertinent to the subject. The laws in force become a part of the contract as if they were expressly incorporated. The issue found by the jury is that the insured was dead at the date of the bringing of this action. By the verdict of the jury it was established that the insured is in fact dead so far as the rights of the parties are concerned. The court below had no power to impose on plaintiff the giving of bond, as set forth in the judgment.

For the reasons given that part of the judgment appealed from by plaintiff is

Reversed.