E. D. LATTA, JR., EXECUTOR AND TRUSTEE OF THE WILL OF E. D. LATTA, DECEASED, v. L. L. JENKINS, TREASURER, AND BUNCOMBE COUNTY.

(Filed 27 January, 1931.)

1. **Taxation B d—Property held in trust for sale and distribution of part of proceeds to religious institutions held not exempt from taxation.**

    The mandate of the Constitution is clear and explicit that all real and personal property in this State shall be taxed by a uniform rule, allowing exemptions from taxation of Federal, State and municipal property and exemptions in the discretion of the Legislature in certain instances relating to religion, schools, charitable institutions, etc., and in cases allowing interpretation, the extent of the exemptions must be strictly construed in favor of the right to tax, and where in construing a devise of various property in a city the courts have decreed that the lands be sold within a period of five years and fifty-five per cent of the proceeds distributed among several beneficiaries of the class exempted by the Legislature, the

property itself is not held by the beneficiaries designated, but by the trustee in trust for the purpose of sale and distribution of part of the proceeds of the sale to them, and *held:* the exemption does not apply except to the proceeds of the sale when received by the beneficiaries in accordance with the decree, and the lands in the hands of the trustee are subject to taxation. Const., Art. V, secs. 3 and 5.

**2. Same—Doctrine of equitable conversion will not apply to exempt property from taxation.**

There is no application of the doctrine of equitable conversion to the liability of property to taxation by the State or its political subdivisions, and property will not be exempted from taxation because the proceeds of sale thereof are to be used for religious purposes under the terms of a trust.

APPEAL by plaintiff from *MacRae, Special Judge,* at November Term, 1930, of BUNCOMBE. Affirmed.

This is an action to recover of defendants a sum of money paid by plaintiff, under protest, as taxes levied on property located in the city of Asheville, and assessed for taxation by Buncombe County for the year 1928. Prior to the commencement of the action, the plaintiff had fully complied with the provisions of section 464, chapter 80, Public Laws of North Carolina, 1927. C. S., 7880(189).

Plaintiff contends that the property on which the taxes were levied by Buncombe County for the year 1928, was exempt from taxation under the provisions of section 69, chapter 71, Public Laws of North Carolina, 1927, C. S., 7971(67), and that for this reason the sum of money paid by him to the defendants, under protest, should be refunded to him. Defendants contend to the contrary.

The action was heard on a statement of facts agreed. The court was of opinion that on these facts the property on which the taxes were levied by Buncombe County for the year 1928 was not exempt from taxation, and that plaintiff is not entitled to recover of the defendants in this action.

From judgment that plaintiff recover nothing in this action, plaintiff appealed to the Supreme Court.

*Cansler & Cansler and Merrimon, Adams & Adams for plaintiff.*
*Don Young, George Pennell and Ward & Allen for defendants.*

CONNOR, J. Plaintiff as trustee named in the will of his father, E. D. Latta, deceased, is the owner of certain property located in the city of Asheville, Buncombe County, North Carolina, and used for business purposes, which, unless exempted by the provisions of section 69, chapter 71, Public Laws 1927, of this State, was subject to taxation by Buncombe County for the year 1928. By virtue of the provisions of the will of

E. D. Latta, deceased, which has been duly probated and recorded in Buncombe County, and of a judgment and decree in an action pending in the Superior Court of Mecklenburg County, at December Term, 1927, plaintiff holds title to said property in trust to sell the same, at any time within five years from the date of the judgment and decree, and to pay the net proceeds of said sale, as follows: 45 per cent of said net proceeds to the daughter of E. D. Latta, deceased, who is the beneficiary of a trust established by his will; and 55 per cent of said net proceeds to the trustees of the General Assembly of the Presbyterian Church in the United States and the Presbyterian Foundation, Inc., the Asheville Mission Hospital, and the North Carolina Orthopedic Hospital, who are also beneficiaries of certain trusts established by the will of E. D. Latta, deceased. When their proportions of the proceeds of the sale of said property shall have been paid to them by the plaintiff, in accordance with the provisions of said judgment and decree, these last named beneficiaries will hold and use the same exclusively for religious, charitable and educational purposes, in accordance with the will of E. D. Latta, deceased, and the judgment and decree of the Superior Court of Mecklenburg County.

Prior to the year 1928, the plaintiff listed all the property owned by him as trustee under the will of his father, E. D. Latta, deceased, who died in 1925, for taxation, and paid the taxes levied on said property by Buncombe County. After the rendition of the judgment and decree in the action pending in the Superior Court of Mecklenburg County, at December Term, 1927, upon the advice of counsel, plaintiff listed for taxation for the year 1928, only 45 per cent of the assessed value of said property, and declined to list 55 per cent of the said assessed value, contending that said 55 per cent was exempt from taxation under the provisions of section 69, chapter 71, Public Laws 1927, of this State, for that said 55 per cent of the assessed value of said property was held by him in trust exclusively for religious, charitable and educational purposes. Thereafter, the board of commissioners of Buncombe County caused the said 55 per cent of the assessed value of the property located in the city of Asheville, and owned by the plaintiff as trustee, to be listed for taxation for the year 1928. Upon demand of said board of commissioners, and after protest, the plaintiff paid to the tax collector of Buncombe County, the amount levied as taxes on said 55 per cent of the assessed value of said property, and thereafter instituted this action to recover said amount. On the statement of facts agreed, filed in the action when the same was called for trial, the only question presented for decision was whether the said 55 per cent of the assessed value of the property owned by plaintiff and held by him as trustee under the will of E. D. Latta, deceased, and under the judgment and

9—200

decree of the Superior Court of Mecklenburg County, was exempt from taxation by Buncombe County for the year 1928. The answer to this question involves the construction of section 69, chapter 71, Public Laws 1927, of this State.

By virtue of the provisions of section 3 of Article V of the Constitution of North Carolina, all property, real and personal, in this State, is subject to taxation, in accordance with a uniform rule, under laws which the General Assembly is required by the Constitution to enact, without regard to its ownership, and without regard to the purposes for which specific property is held, unless exempted by or under the provisions of section 5 of said article. The provision of said section that property belonging to or owned by the State or municipal corporations, shall be exempt from taxation, is self-executing and requires no legislation to make it effective. *Town of Andrews v. Clay County, post,* 280. Under this section, the General Assembly may exempt property in this State held for educational, scientific, literary, charitable or religious purposes. The power of exemption thus conferred on the General Assembly by the Constitution, to be exercised in its legislative discretion, may be exercised to the full extent, or in part, or not at all, as the General Assembly may determine. The general rule established by the Constitution is that all property in this State is liable to taxation, and shall be taxed in accordance with a uniform rule. Exemption of specific property, because of its ownership by the State or by municipal corporations, or because of the purposes for which it is held and used, is exceptional. The mandatory constitutional provision that property belonging to or owned by the State or municipal corporations shall be exempt from taxation, is in language so clear and free from ambiguity that ordinarily there is no room for construction as to its application to specific property. *Southern Assembly v. Palmer,* 166 N. C., 75, 82 S. E., 18. Statutes enacted by the General Assembly exempting specific property from taxation, because of the purposes for which such property is held and used, are and should be construed strictly, when there is room for construction, against exemption and in favor of taxation. *Trustees v. Avery County,* 184 N. C., 469, 114 S. E., 696; *United Brethren v. Commissioners,* 115 N. C., 489, 20 S. E., 626. Exemption of specific property from taxation because of the purposes for which it is held and used, is a privilege, which the General Assembly has the power to confer on its owner or owners, within the limitations of the Constitution of the State. In the absence of a clearly expressed intention on the part of the General Assembly to confer this privilege of exemption from taxation, with respect to specific property, such property is subject to taxation in accordance with the general rule that

all property in this State is liable to taxation for the purpose of supporting the government of the State or of its political subdivisions.

The property owned by the plaintiff as trustee under the will of his father, E. D. Latta, deceased, during the year 1928, and held by him under the provisions of said will, with respect to certain trusts, made more specific by the terms of the judgment and decree of the Superior Court of Mecklenburg County, at December Term, 1927, consists of business property located in the city of Asheville. No part of said property was owned or occupied during the year 1928 by the beneficiaries of the trusts established by said will. Under the judgment and decree, these beneficiaries are entitled to certain percentages of the net proceeds of the sale of said property. The plaintiff is authorized and directed by the judgment and decree to sell said property at any time within five years from the date of the judgment and decree, and to pay to the said beneficiaries their proportionate parts of the net proceeds of said sale. None of said beneficiaries own or occupy said property or any part thereof, for religious, educational or charitable purposes. No part of said property was exempt from taxation under the provisions of section 69, chapter 71, Public Laws 1927, of this State, and there is no error in the judgment that plaintiff recover nothing in this action.

The instant case is distinguishable from *Bank v. Commissioners of Yancey County*, 195 N. C., 678, 143 S. E., 252. In that case, under the provisions of a judgment by consent of all parties interested in the assets of the estate of J. W. Higgins, deceased, certain religious, educational and charitable institutions were the owners of an undivided half interest in said assets, which consisted of notes in the hands of certain persons for collection. It was held that said one-half interest in said notes was exempt from taxation under the statute. In the instant case, the title to all the property on which taxes were levied by Buncombe County for the year 1928, was in the plaintiff, as trustee. The beneficiaries of the trusts had no right, title or interest in the property. They had the right only to certain percentages of the proceeds of the sale of the property, to be paid to them by the plaintiff after the sale of the property at any time within five years from the date of the judgment and decree of the Superior Court of Mecklenburg County, at December Term, 1927.

The doctrine of equitable conversion has no application in the instant case. This well established doctrine cannot be invoked to affect the liability of property to taxation by the State or by its political subdivisions. The judgment is

Affirmed.