CITIZENS BANK AND TRUST COMPANY v. R. S. McCOIN AND MRS. R. S. McCOIN, DEFENDANTS, AND I. B. WATKINS, R. B. CARTER, M. C. PEARCE, AND P. A. SMITH, GARNISHEES.

(Filed 21 March, 1934.)

1. **Process B c—Evidence held sufficient to support finding that defendant is nonresident for purpose of service and attachment by publication.**

   Evidence that a resident of this State had left this State and gone to another state, and that since said date his whereabouts had remained unknown to his business associates, relatives and friends in this State, without evidence that he had ever returned to this State, or intended to do so, or that he is dead, *is held* sufficient to support a finding that he is a nonresident for the purpose of service of summons and warrant of attachment against him by publication.

2. **Garnishment D c—**

   Where the Superior Court has jurisdiction of both the cause of action and the principal defendant, the garnishees cannot attack the validity of the garnishment proceedings against them on other grounds.

APPEAL by the garnishees from *Parker, J.,* at November Special Term, 1933, of VANCE. Affirmed.

This is an action to recover on certain notes aggregating the sum of $11,050. The notes sued on were executed by the defendant R. S. Mc-Coin, and are payable to the plaintiff. All of said notes are past due.

The summons in this action and a warrant of attachment were issued on 30 March, 1933. The summons was duly returned by the sheriff of Vance County, endorsed "After due and diligent search, R. S. McCoin cannot be found in Vance County." Thereafter, both the summons and the warrant of attachment were duly served on the defendant R. S. McCoin by publication, pursuant to an order of the clerk of the Superior Court of Vance County, made on findings by said clerk that R. S. McCoin is a nonresident of the State of North Carolina, and cannot, after due diligence, be found within said State, and that plaintiff has a good cause of action against the said R. S. McCoin, on the notes sued on.

On 1 May, 1933, the sheriff of Vance County, under the warrant of attachment issued to him by the clerk of the Superior Court of said county, levied on the indebtedness of I. B. Watkins, R. B. Carter, M. C. Pearce, and P. A. Smith to the defendant R. S. McCoin, and on 2 October, 1933, the said garnishees were ordered by the judge of the Superior Court of Vance County, to appear before the said judge, at the courthouse in said county, on 8 November, 1933, and there and then answer, each on his oath, as to the amount of his indebtedness to the defendant, R. S. McCoin.

At November Special Term, 1933, of the Superior Court of Vance County, judgment was rendered in the action, that plaintiff recover of the defendant, R. S. McCoin, the sum of $11,050, with interest and costs. It was ordered in said judgment that the sheriff of Vance County sell the property, real and personal, on which he had levied under the warrant of attachment, and apply the proceeds of said sale as payments on said judgment.

On 8 November, 1933, the garnishees appeared pursuant to the order of the judge, and filed pleas in abatement, challenging the validity of the warrant of attachment in this action.

From judgment overruling their pleas in abatement, and denying their motion that the attachment proceeding in this action be dismissed, the garnishees appealed to the Supreme Court.

*Perry & Kittrell and A. A. Bunn for plaintiff.*
*M. C. Pearce, R. B. Carter and I. B. Watkins for garnishees.*

CONNOR, J. Judge Parker's finding that the attachment proceedings in this action against the principal defendant R. S. McCoin are valid

in all respects, is supported by evidence appearing in the case on appeal as certified to this Court.

The evidence shows that R. S. McCoin, for many years a resident of this State, left his home in Henderson, N. C., on 22 December, 1932, and went to the State of Virginia. Since that date, his whereabouts have been and are unknown·to his business associates, relatives, and friends in this State. There is no evidence tending to show that since he left his home in Henderson, he has at any time returned to this State, or that he has any intention to do so. There is no evidence tending to show that he is dead. This evidence is sufficient to support the finding by Judge Parker that the defendant R. S. McCoin is now and was at the date of the commencement of this action a nonresident of this State. *Brann v. Hanes,* 194 N. C., 571, 140 S. E., 292.

As the Superior Court of Vance County has jurisdiction of both the cause of action alleged in the complaint, and the principal defendant, the garnishees cannot attack the validity of the garnishment proceedings against them on other grounds. 28 C. J., p. 276, 12 R. C. L., p. 830. The judgment is

Affirmed.