H. M. CHAMBLEE, ADMINISTRATOR OF ESTATE OF LAWRENCE DICKS, DECEASED, v. SECURITY NATIONAL BANK, GUARDIAN OF THE PROPERTY OF LAWRENCE DICKS.

(Filed 16 December, 1936.)

**1. Death § 1—**

The presumption of death from seven years absence is a presumption of fact which may be rebutted, but the presumption stands in the absence of any evidence to weaken the presumption or prohibit it from applying to the facts of the case.

CHAMBLEE *v.* BANK.

**2. Executors and Administrators § 3—Administrator may be appointed upon presumption of death from seven years absence.**

The clerk of the Superior Court has jurisdiction to appoint an administrator for an estate upon his finding that the person in question is dead and died intestate, C. S., 28, 1, upon affidavit showing that such person had been absent for over seven years and had not been heard from by relatives or friends, and the fact that at the time of the appointment it was contemplated that an action should be brought to determine any question that might arise contrary to the legal presumption does not invalidate the appointment or nullify the proof afforded by the jurisdictional affidavit.

**3. Executors and Administrators § 8—Administrator of person presumed dead held entitled to assets of estate under the evidence in this case.**

An administrator appointed by the clerk for the estate of a person presumed dead under the presumption of death from seven years absence is entitled to judgment for the recovery of the assets of the estate against the guardian of such person upon the verdict of the jury in his favor upon evidence showing that the person in question had been absent for seven years, and had not been heard from by relatives or friends, when the guardian controverts the fact of death for its own protection, but introduces no evidence weakening the presumption or prohibiting it from applying to the facts established by plaintiff's evidence, and the guardian's contention that the recovery of the assets was without due process of law in that the person alleged to be dead was not served with summons is without merit.

APPEAL by defendant from *Shaw, Emergency Judge,* at September Term, 1936, of GUILFORD. No error.

Action instituted to recover, for the purpose of administration, property of plaintiff's intestate, Lawrence Dicks, in the hands of defendant bank, guardian of the property of said Lawrence Dicks.

Defendant denied, on information and belief, the death of said Lawrence Dicks, and alleged that the appointment of plaintiff as administrator was void, and that plaintiff's attempt to take possession of Lawrence Dicks' property was without due process of law.

The jury answered the issues as follows:

"1. Did H. M. Chamblee qualify as administrator of the estate of Lawrence Dicks, deceased, on 28 April, 1936? Ans.: 'Yes.'

"2. Was Lawrence Dicks dead at the date on which H. M. Chamblee was appointed administrator of the estate of Lawrence Dicks, to wit, 28 April, 1936? Ans.: 'Yes.'

"3. Is the plaintiff entitled to recover from the defendant all money, securities, and property held by it for the benefit of Lawrence Dicks and/or his heirs? Ans.: 'Yes.'"

*Caffey & Stanley, E. D. Broadhurst, and Younce & Younce for plaintiff.*

*King & King and J. A. Cannon, Jr., for defendant.*

DEVIN, J. Appellant challenges the validity of the appointment of plaintiff as administrator of the estate of Lawrence Dicks, and contends that this action cannot be maintained.

There was no positive proof of the death of Lawrence Dicks, but plaintiff relied upon the presumption arising from his seven years absence without having been heard from. As stated by *Adams, J.,* in *Beard v. Sovereign Lodge,* 184 N. C., 154, "The absence of a person from his domicile, without being heard from by those who would be expected to hear from him, if living, raises a presumption of his death, that is, that he is dead at the end of seven years." *Steele v. Ins. Co.,* 196 N. C., 408; *University v. Harrison,* 90 N. C., 387.

It appears that Lawrence Dicks, a resident of Greensboro, N. C., was in 1923 committed to the United States Veterans' Hospital at Tuskegee, Alabama; that he was suffering with an advanced stage of dementia præcox, and had theretofore been declared incompetent, and defendant appointed guardian of his property; that on 19 April, 1927, he escaped from the hospital and has not been seen or heard from since; that five brothers and a sister reside in Guilford County. It was in evidence that a person in his condition could not have endured long.

On 28 April, 1936, nine years later, the plaintiff made affidavit that Lawrence Dicks was dead, without leaving a last will and testament, and applied to the clerk of the Superior Court of Guilford County for letters of administration on his estate.

Thereupon, the clerk of the Superior Court made this order: "It being satisfactorily proven to the undersigned clerk of the Superior Court of Guilford County that Lawrence Dicks, late of said county, is dead, . . . and it appearing that H. M. Chamblee is entitled to the administration of the estate of the deceased, and having qualified as administrator according to law; now these are therefore to empower the said administrator to enter in and upon all and singular the goods and chattels, rights, and credits of the deceased, and the same to take into possession, . . . and distribute same according to law."

Required bond was given and approved.

On 25 June, 1936, plaintiff instituted his action to recover from the defendant bank decedent's property remaining in its hands as guardian.

On the trial there was evidence tending to support the allegations and contentions of plaintiff. No evidence, *contra,* was offered by defendant. There was nothing in the evidence to weaken the presumption or prohibit it from applying to the facts presented. Following a correct charge by the court, the jury by their verdict found that Lawrence Dicks was dead at the time the plaintiff was appointed administrator of his estate.

The clerk of the Superior Court had jurisdiction to appoint an administrator and to grant letters of administration, upon ascertaining

from the affidavit of the applicant that decedent was dead, intestate. C. S., 28; C. S., 1. This he has done. His order and appointment could only be avoided by showing that Lawrence Dicks was not in fact dead. The presumption of his death, arising from seven years absence under the rule, is a presumption of fact which may be rebutted. *Clark v. Holmes,* 189 N. C., 703; *Trimmer v. Gorman,* 129 N. C., 161; *Springer v. Shavender,* 116 N. C., 12; *Springer v. Shavender,* 118 N. C., 33; *Dowd v. Watson,* 105 N. C., 476; *Moore v. Parker,* 34 N. C., 123.

Following his appointment, plaintiff administrator instituted this action, setting out all the facts, and asked that he recover from the guardian the estate of decedent for the purpose of administration according to law. It seems to have been contemplated when letters of administration were applied for that such action would be brought for the determination of any question that might be raised contrary to the legal presumption. This could not be held to invalidate the proceeding or nullify the proof afforded by the jurisdictional affidavit that Lawrence Dicks was dead.

The defendant guardian, concerned for its own protection, very properly put the plaintiff to the proof. This burden he has borne by evidence offered to the satisfaction of the triers of the facts and of the learned judge who presided.

We find nothing in the proceeding to justify us in disturbing the result.

The suggestion that due process of law was wanting for failure to serve notice on the alleged decedent is without merit. The plaintiff had the right to invoke and rely upon the presumption of death and to proceed accordingly in the manner prescribed by the statute.

The appellant did not, and does not now, offer evidence to controvert the facts upon which the right of action accrued. Its objections to the judgment are procedural. It excepts to the conclusion. The assignments of error based upon these exceptions cannot be sustained.

No error.