PIEDMONT MEMORIAL HOSPITAL, INC., v. GUILFORD COUNTY; GEORGE L. STANSBURY, CHAIRMAN, J. W. BURKE, R. C. CAUSEY, JOE F. HOFFMAN, FLAKE SHAW, ALL CONSTITUTING THE BOARD OF COMMISSIONERS OF GUILFORD COUNTY, NORTH CAROLINA; A. C. HUDSON, SUPERVISOR OF TAXATION FOR GUILFORD COUNTY; D. L. DONNELL, TAX COLLECTOR FOR GUILFORD COUNTY, NORTH CAROLINA; AND W. C. JOHNSON, TREASURER FOR GUILFORD COUNTY, NORTH CAROLINA.

(Filed 20 December, 1940.)

**1. Taxation § 19—**

The provision of Article V, section 5, of the State Constitution exempting from taxation property belonging to the State and to municipal corporations is self-executing.

**2. Taxation § 20—**

The provision of Article V, section 5, of the State Constitution that the General Assembly may exempt from taxation property held for educational, scientific, literary, charitable or religious purposes, is a grant of power and is not self-executing, and the power of the Legislature to prescribe such exemptions is limited by the terms of the grant.

**3. Same—**

Statutes exempting property from taxation because of the purposes for which the property is held must be construed strictly against exemption and in favor of taxation.

22—218

**4. Same—Sec. 602 (a) applies to real property of private hospital in determining question of tax exemption.**

Construing the statutory provisions relating to exemption of property from taxation in connection with the constitutional restrictions upon the power of the Legislature to exempt property from taxation, *it is held* that the real property of private hospitals is made a separate and distinct classification under section 602 (a) of chapter 310, Public Laws of 1939, and it is the legislative intent that the provisions of this section should control rather than the provisions of section 600 (7), exempting from taxation property of churches, religious societies and charitable institutions and orders, the language of section 600 (7), strictly construed, not being sufficiently broad to include property of private hospitals in view of the fact that section 602 (a) specifically deals with property of such institutions.

**5. Same: Hospitals §§ 5, 7—Hospital not supported and controlled by public authority is private hospital, even though organized for public charity.**

In determining the question of exemption from taxation, a nonprofit hospital established solely for charitable purposes through individual donations and which is governed by a self-perpetuating board of trustees named by the incorporators, is a private hospital as contradistinguished from a public hospital, which is one supported, maintained and controlled by public authority, and the distinction observed between charitable hospitals and those operated for gain or profit in determining liability for negligence, has no bearing in determining the question of tax exemption.

**6. Taxation § 20—Taxes levied on real property of private hospital used for hospital purposes are subject to credit for services rendered indigent poor.**

The first floor of plaintiff's building is rented out for stores and shops, the second floor is rented for offices for physicians and surgeons, the third and fourth floors are used for a hospital. *Held:* As to the first two floors, the General Assembly is without authority to grant any exemption from taxation, and as to the third and fourth floors, section 602 (a) of chapter 310, Public Laws of 1939, is applicable, and in accordance with its provisions, bills for services rendered the indigent poor may be allowed as a credit on taxes levied against this part of its property, but it is not exempt from taxation.

**7. Same—**

Plaintiff's hospital was organized solely for charity but collected from patients able to pay. Defendant county levied personal property taxes on plaintiff's hospital beds, equipment and furnishings. *Held:* Only the personal property used exclusively for charitable purposes is exempt from taxation under section 601 (5), chapter 310, Public Laws of 1939.

APPEAL by defendant from *Nettles, J.,* at October Term, 1940, of GUILFORD. Reversed.

This was a controversy without action to determine whether the plaintiff's property was exempt from taxation by Guilford County.

The authorities of Guilford County charged with the assessment and collection of county taxes duly listed for taxation for the year 1940 real

and personal property belonging to plaintiff at the assessed valuation of $93,930 for a four-story building and lot, in Greensboro, and $12,500 for personal property contained in the building. Plaintiff protested the assessment of this property for taxation, claiming exemption therefrom, and paid the tax levied on the property, $794.24, under protest, and now seeks to recover back the sum so paid, in accord with the provisions of the statute.

The agreed statement of facts, upon which the controversy depends, may be summarized as follows: The plaintiff is a nonprofit benevolent and charitable corporation, created and existing under the laws of North Carolina, and the defendants are the duly constituted taxing and fiscal officers of Guilford County. The object for which plaintiff corporation was formed, as expressed in its charter, is "to conduct without profit, and entirely and completely for charitable and humane purposes, a general hospital or hospitals, in the city of Greensboro and Guilford County, North Carolina, and to include such organizations and facilities as it may from time to time deem necessary or advisable in order to best serve the public and the community in which any such hospital is located." The corporation was empowered to purchase, lease, hold, mortgage and sell real and personal property; to rent space in its buildings and to receive pay for the use of rooms, services and hospital facilities supplied to patients in its hospital; the income of the corporation to be used to pay for purchase and repair of property, for services, supplies and other expenses incident to the operation of the hospital; any income not needed for such purpose to be used for care and treatment of indigent patients under rules and regulations prescribed by the directors; the corporation to have no capital stock and no members other than its board of directors and board of trustees. It is provided that the affairs and property of the corporation shall be managed by a board of directors and a self-perpetuating board of trustees, named by the incorporators.

The building in Greensboro sought to be taxed was acquired by gift 26 January, 1938, subject to a mortgage indebtedness now amounting to $90,000, at 5% interest, which debt the corporation assumed and upon which it is making payment in curtailment. The third and fourth floors of the building, together comprising a floor space of 23,458 square feet of a total of 37,978 for the building, are used by plaintiff solely for the conduct of a hospital, including patients' and operating rooms. The second floor is divided into offices for physicians and surgeons, members of the medical staff of the hospital, who pay rent therefor. The first or ground floor is adapted for and rented for drugstore, shops, and offices. The personal property assessed for taxation consists of hospital beds, equipment and general hospital furnishings.

The funds collected from patients, rentals, endowment and whatever source, are placed in a general fund for use in defraying the cost of operating the hospital, maintaining the building, purchasing new equipment, and making payments on the mortgage indebtedness. The following figures for 1939 illustrate its normal yearly operation. The corporation received as income:

1. From patients, welfare, and hospitalization fund, and miscellaneous sources........................$73,841.03
2. Duke Endowment . ..................................... ......... 2,516.00
3. Rental from physicians' rooms.................... ... . 4,579.95
4. Rental from stores.... ......... .. ............... ........... 5,220.00

Total income ......... ...... ............ ......... .. $86,156.98

The income so received was expended for administration, salaries of nurses and other employees, hospital supplies, insurance, etc., including $7,164.57 paid on mortgage, leaving a "net profit for the year of $1,642.94."

Upon the facts agreed, the trial judge ruled that plaintiff's real and personal property was exempt from taxation, and adjudged that it recover of defendants $797.24, the amount of tax paid under protest. Defendants appealed.

*Brooks, McLendon & Holderness for plaintiff, appellee.*
*D. Newton Farnell, Jr., B. L. Fentress, and H. C. Wilson for defendants, appellants.*

DEVIN, J. This case presents the question whether, under the facts agreed, plaintiff's four-story building, in which on the third and fourth floors it maintains a hospital, is exempt from taxation under the Constitution and laws of the State.

The constitutional requirement that taxes on property shall be uniform as to each class of property taxed is subject to two exceptions, the one mandatory, and the other permissive. (1) "Property belonging to the State or to municipal corporations shall be exempt from taxation." (2) "The General Assembly may exempt cemeteries and property held for educational, scientific, literary, charitable or religious purposes." The first is self-executing; the second requires legislative action. But in order that the exemptions which the General Assembly may prescribe may become effective, they must be within the limits fixed by the Constitution. The power to exempt must be limited to property held for one or more of the purposes designated by the Constitution (Art. V,

sec. 5). Statutes exempting property from taxation because of the purposes for which the property is held must be construed strictly against exemption and in favor of taxation. *Hospital v. Rowan County,* 205 N. C., 8, 169 S. E., 805; *Latta v. Jenkins,* 200 N. C., 255, 156 S. E., 857; *Trustees v. Avery County,* 184 N. C., 469, 114 S. E., 696. It was said in *Odd Fellows v. Swain,* 217 N. C., 632, 9 S. E. (2), 365: "Taxation is the rule; exemption the exception."

Pursuant to the permission contained in the second clause of section 5, Art. V, of the Constitution, the General Assembly, at its session of 1939, exempted certain classes of real property from taxation, as set out in sec. 600 of ch. 310, Public Laws 1939. Subsection 7 of sec. 600 of the 1939 Act is relied on by plaintiff as constituting statutory authority for the exemption claimed. The property exempted by this subsection is specifically designated as follows: "Property beneficially belonging to or held for the benefit of churches, religious societies, charitable, educational, literary, benevolent, patriotic or historical institutions or orders, where the rent, interest or income from investment shall be used exclusively for religious, charitable, educational or benevolent purposes, or to pay the principal or interest of the indebtedness of the institutions or orders."

In the same Act of 1939, in sec. 602 (a), a specific provision with reference to private hospitals was enacted as follows: "Private hospitals shall not be exempt from property taxes and other taxes lawfully imposed, but in consideration of the large amount of charity work done by them, the boards of commissioners of the several counties are authorized and directed to accept, as valid claims against the county, the bills of such hospitals for attention and services voluntarily rendered to afflicted or injured residents of the county who are indigent and likely to become public charges, when such bills are duly itemized and sworn to and are approved by the county physician or health officer as necessary or proper; and the same shall be allowed as payments on and credits against all taxes which may be or become due by such hospital on properties strictly used for hospital purposes, but to that extent only will the county be liable for such hospital bills: Provided, that the board of aldermen or other governing boards of cities and towns shall allow similar bills against the municipal taxes for attention and services voluntarily rendered by such hospitals to paupers or other indigent persons resident in any such city or town: Provided further, that the governing board of cities and towns shall require a sworn statement to the effect that such bills have not and will not be presented to any Board of County Commissioners as a debt against that county, or as a credit on taxes due that county. The provisions of this subsection shall not apply to the

counties 'of Rockingham and Buncombe, nor to the cities and towns in said counties."

From an examination of these provisions of the statute, in connection with the restriction upon the power of the Legislature to exempt property from taxation, we are led to the conclusion that the legislative intent was to fix a separate and distinct classification for private hospitals in sec. 602 (a), rather than that they should be included in the general terms of the 7th subsection of sec. 600. Section 600 contains ten subsections defining the classes of real property exempted from taxation. Construing these provisions strictly, we find the language in none of them broad enough to include private hospitals, with the possible exception of the reference in subsection 7 to churches, religious societies, charitable institutions or orders. Sec. 602 (a) deals specifically with private hospitals, and was apparently intended to embody the only provision relating to that particular class of property, and to afford a means of repayment for charitable services rendered the county's indigent sufferers, without exempting the property from taxation.

From the facts established below, it appears that the plaintiff is a "nonprofit, benevolent and charitable corporation," but it seems clear that, as contradistinguished from a public hospital, in the sense of one supported, maintained and controlled by public authority, the plaintiff corporation maintains a private hospital controlled by a self-perpetuating board of trustees named by the corporators.

In the recent case of *Strauss v. Marlboro County General Hospital,* 185 S. C., 425, 194 S. E., 65, where the question raised was whether the defendant in that case was a public hospital or a private institution, it was held that it was not, in a legal sense, a public hospital. The Court said: "It appears from the statements of record that Marlboro County General Hospital was built by funds donated by individuals at large. It is governed by trustees named by the corporators, it is a public charity, but is a private corporation."

In the opinion in that case was quoted, as applicable, the following language of *Story, J.,* in the celebrated case of *Trustees of Dartmouth College v. Woodward,* 4 Wheat., 518, 4 Law. Ed., 629: "When, then, the argument assumes, that because the charity is public, the corporation is public, it manifestly confounds the popular, with the strictly legal, sense of the terms. . . . When the corporation is said, at the bar, to be public, it is not merely meant, that the whole community may be the proper objects of the bounty, but that the government have the sole right, as trustee of the public interest, to regulate, control and direct the corporation, and its funds and its franchises, at its own will and pleasure. Now, such an authority does not exist in the government, except where the corporation, is in the strictest sense, public; that is, where its whole

interests and franchises are the exclusive property and domain of the government itself."

It may not be out of place to add a further quotation from the opinion of *Justice Story* in the *Dartmouth College case, supra:* "A hospital founded by a private benefactor is, in point of law, a private corporation, although dedicated by its charter to general charity. . . . It was indeed supposed at the argument, that if the uses of an eleemosynary corporation be for general charity, this alone would constitute it a public corporation. But the law is certainly not so."

In the able argument of plaintiff's counsel, in support of the view that under the Act of 1939, construed with reference to the permissive power granted by the Constitution, this property should be held exempt from taxation, our attention was called to the case of *Northwestern University v. People,* 99 U. S., 309, 25 Law Ed., 387. However, in that case the clause of the Constitution of Illinois there considered provided that "the property of the state and counties, both real and personal, and such other property as the General Assembly may deem necessary for school, religious and charitable purposes may be exempt from taxation," and the Act of the General Assembly of that state in amending the charter of the University specifically exempted all its property from taxation. Here the power to exempt is restricted by the Constitution to "property held for charitable purposes," and, we think, by fair interpretation, the General Assembly has declined to exempt plaintiff's property except in the respects hereinbefore pointed out.

The distinction between private nonprofit hospitals operated on the basis of charity, and those operated for gain or profit, as defined in *Green v. Biggs,* 167 N. C., 417, 83 S. E., 553; *Johnson v. Hospital,* 196 N. C., 610, 146 S. E., 573; *Herndon v. Massey,* 217 N. C., 610, 8 S. E. (2), 914, affords us no light on this point. Those cases were concerned with the question of the liability of a hospital for negligence.

It appears from the statement of facts agreed that the third and fourth floors in the building described are exclusively used for the maintenance of the hospital, while the first floor is rented out for stores and shops, and the second floor rented for offices for physicians and surgeons.

As to that portion of the building, on the first and second floors, which is rented out for commercial and business purposes, the rule laid down by this Court in *Odd Fellows v. Swain, supra,* must be held applicable, and determinative of the question of exemption against the plaintiff. *Winston-Salem v. Forsyth County,* 217 N. C., 704, 9 S. E. (2), 381. Anything in ch. 310, Public Laws 1939, which attempts to exempt this portion of the building from taxation must be held in excess of the granted power of the General Assembly. "The grant is limited in its terms, and the power to exempt stops at the boundary of the grant."

*Odd Fellows v. Swain, supra.* Neither by the permissive terms of the Constitution nor by the Acts of the General Assembly pursuant thereto may the described real property of the plaintiff be held exempt from taxation except in the limited sense prescribed by sec. 602 (a), above quoted. *Davis v. Salisbury,* 161 N. C., 56, 76 S. E., 687; *Trustees v. Avery County, supra.*

As to that portion of the building on the third and fourth floors used as and for a hospital, the provisions of sec. 602 (a) of the 1939 Act are applicable. By this section it was specifically declared that private hospitals shall not be exempt from taxation. The machinery provided in this section for certain payments by the county for charitable services rendered indigent patients of the county presents no question for our decision under the facts agreed.

With respect to the personal property of the plaintiff described in the agreed statement of facts, only so much thereof as is held for and exclusively used for charitable purposes would be exempt from taxation under sec. 601 (5) of the Act of 1939. This section exempts "Personal property belonging to . . . hospitals . . . which are not conducted for profit and entirely and completely used for charitable and benevolent purposes." *Bank v. Comrs. of Yancey County,* 195 N. C., 678, 143 S. E., 252. That portion of the judgment below which held plaintiff's personal property exempt from taxation is modified so as to apply only to property coming within the designation of this section.

That portion of the judgment appealed from, which declared plaintiff's real property exempt from taxation, must be held erroneous, and the judgment ordering refund of the amount paid under protest is

Reversed.