W. B. CARTER, JUNIUS D. GRIMES, JR., AND JOHN A. MAYO,
COMMISSIONERS, V. LOUIS H. LILLEY.

(Filed 21 May, 1947.)

**1. Guardian and Ward § 1c—**

G. S., Art. 9, Chap. 33. relates solely to estates of living persons, and where in a proceeding thereunder the court finds that the missing person is dead under the presumption of death arising from seven years absence, the administration of the estate of such missing person becomes a matter for the probate court and proceedings under the statute are *coram non judice.*

**2. Judgments § 45—**

Upon the death of a judgment debtor a judgment creditor may not proceed independently to enforce his judgment, but must look to the personal representative whose duty it is to administer the whole estate, and this rule applies to presumptive death of. the judgment debtor arising from his absence for seven years without being heard from by those who would be expected to hear from him if living.

**3. Executors and Administrators § 2a—**

While the death of intestate must be established as a jurisdictional fact to empower the Clerk of the Superior Court to issue letters of administration, G. S., 28-1, G. S., 28-5, the Clerk may upon evidence that a person has been absent from his domicile for seven years without being heard from by those who would be expected to hear from him if living, adjudge that such person is dead and appoint an administrator of his estate.

**4. Descent and Distribution § 12: Judgments § 29—**

In a suit to subject lands of a missing person to the payment of judgment liens, a guardian for the missing person was appointed, G. S., Art. 9, Chap. 33, and the heirs of the missing person were made parties. Commissioners were appointed to sell the lands but the court further adjudicated that the missing person was dead under the presumption arising from seven years absence. The sale of commissioners was subsequently confirmed. *Held:* The sale of the lands of a decedent in an independent proceeding to satisfy judgment liens is invalid, and the decree of confirmation cannot operate to estop the heirs and in effect validate the title of the purchaser at the sale.

APPEAL by defendant from *Thompson, J.,* February Term, 1947, BEAUFORT. Reversed.

Controversy without action to determine whether a deed tendered by plaintiffs under a contract of purchase and sale conveys a good and sufficient fee simple title to the premises therein described.

On 15 November 1938 W. J. Roberson, a resident of Beaufort County, was the owner of the tract of land in said county which is described in the deed tendered by plaintiffs. On or about that date he disappeared

from his home and in August, 1945, had not been heard from for more than seven years.

On 23 August 1945 Jennings Freeman brought suit to subject said land to the payment of outstanding and existing judgments against Roberson, owned by him, the said Freeman.

A guardian for Roberson was appointed under General Statutes Art. 9, Chap. 33, and made party defendant. Children of Roberson were also made parties defendant and were duly represented. At the October Term 1946 the court found the facts and entered its order appointing commissioners to make sale of said land and, upon confirmation of sale, to pay the costs and the judgments of Freeman in full and then distribute the remainder as therein described. This order contains the following:

"That the said W. J. Roberson disappeared from his home on November 15, 1938, and has not been heard of for more than 7 years, and the Court thereupon adjudges that the said W. J. Roberson is now dead, and that the defendants (naming them) are all of the children of the said W. J. Roberson, deceased, and as such children are sole heirs at law and as such are the owners of the land above described."

Thereafter, pursuant to said order, said land was offered for sale by the commissioners, plaintiffs herein, and after several resales it was finally bid in by defendant. The sale was confirmed and plaintiffs tendered deed sufficient in form to convey title. Defendant declined to accept the deed and pay the purchase price for that "the said commissioners cannot give him a good deed conveying the said lands in fee simple, and if in the future, it should develop that the said W. J. Roberson was not actually dead, he would lose the title to said land."

Thereupon the parties stipulated the facts and submitted them to the court in the form of a controversy without action to determine their respective rights and liabilities.

The court below, upon consideration of the facts agreed, adjudged that the deed of plaintiffs conveys title in fee and that the defendant must accept the same and pay the agreed purchase price therefor. Defendant excepted and appealed.

*Junius D. Grimes for plaintiff appellees.*
*M. C. Paul for defendant, appellant.*

BARNHILL, J. The pleadings in the cause in which plaintiffs, as commissioners, were authorized to make sale of the *locus* are not contained in the record before us. Even so, it is apparent the action was instituted under Chap. 49, P.L. 1933, now Art. 9, Chap. 33 of the General Statutes. It is so stated in the brief of appellees. That Act, known as the Missing Persons Statute, was enacted to provide for the

preservation and protection of the estate of a person who has disappeared from the community of his residence and whose whereabouts has been unknown for three months or more and cannot, after diligent inquiry, be ascertained. Historically, its enactment was prompted by the McCoin incident. See *Trust Co. v. McCoin,* 206 N. C., 272, 173 S. E., 345.

Clearly the Act relates solely to the estates of living persons. So soon as the judge found as a fact that W. J. Roberson was dead, the authority of Roberson's guardian to represent him in the action terminated and the administration of his estate became a matter for the probate court. Further proceedings in the original action were *coram non judice.*

After the death of a judgment debtor the judgment creditor may not proceed independently to enforce his judgment. He must look to the personal representative whose duty it is to administer the whole estate. *Moore v. Jones,* 226 N. C., 149, and cited cases.

But here there is no direct proof of the death of Roberson. If the judgment creditor cannot proceed by independent action in the Superior Court is he not denied a forum for the enforcement of a valid claim? The answer is no.

"The absence of a person from his domicile, without being heard from by those who would be expected to hear from him if living, raises a presumption of his death—*i.e.,* that he is dead at the end of seven years." *Beard v. Sovereign Lodge,* 184 N. C., 154, 113 S. E., 661; *Steele v. Insurance Co.,* 196 N. C., 408, 145 S. E., 787; *Chamblee v. Bank,* 211 N. C., 48, 188 S. E., 632; *Deal v. Trust Co.,* 218 N. C., 483, 11 S. E. (2d), 464.

While death is a jurisdictional fact that must be made to appear as the basis for the issuance of letters of administration, this rule provides a method of proof of death when direct proof thereof is not available.

Jurisdiction to appoint an administrator of a deceased person who has died intestate and to issue letters for the administration of his estate rests exclusively in the clerk of the Superior Court. G. S. 28-1, 28-5; *Clark v. Homes, Inc.,* 189 N. C., 703, 128 S. E., 20; *Bank v. Commissioners of Yancey,* 195 N. C., 678, 143 S. E., 252. And when evidence of death under the rule heretofore stated is offered before the clerk having jurisdiction and he finds therefrom that the party is in fact dead, he should so adjudge and appoint an administrator to administer his estate as provided by law. *Chamblee v. Bank, supra; Deal v. Trust Co., supra.*

While there is a division of opinion on this question in other jurisdictions it is accepted procedure with us. What is the purpose of the rule if it is not to constitute the basis of judicial action, and why have a method of proof if the proof, when made, is unavailing?

The judgment below cannot be sustained on the theory that the decree of confirmation entered in an action to which the heirs at law were

parties operates as an estoppel against them and thus, in effect, validates the title to the land purchased by defendant at the sale as therein confirmed. *Springer v. Shavender,* 116 N. C., 12; *Springer v. Shavender,* 118 N. C., 33.

The title tendered by plaintiffs is defective and the contract of purchase and sale is unenforceable. *Trimmer v. Gorman,* 129 N. C., 161. Hence the judgment below must be

Reversed.