TRUSTEES OF LEES-McRAE INSTITUTE v. AVERY COUNTY.

(Filed 6 December, 1922.)

**1. Constitutional Law—Taxation—Exemptions—Statutes.**

　　The fundamental principle of our Constitution, as to the taxing of property, is that all property shall be taxed uniformly so as to equalize its burdens, except that which is either expressly exempted by the Constitution itself or by the Legislature within the limits prescribed by the Constitution; and the courts will strictly construe such exemptions, and resolve all doubts in favor of liability to taxation.

**2. Same—Religious Purposes—Schools—Education—Lands—Rentals.**

　　An institution created by statute to provide for the Christian education of boys and girls in a certain locality, and to do other institutional work, in which its property is exempt from taxation as long as it shall be used for "church, school, or charitable purposes," does not include within its tax exempting terms, either under its charter or under the general law relating to the subject, Laws 1921, ch. 38, sec. 72 (4); C. S., 7768, lands from which the rentals are applied to educational purposes alone; in this case, a tract of land three miles distant from that upon which the corporation conducts its operations, a portion of which has been cleared and rented out for a part of the crop, and also used for grazing purposes.

APPEAL by plaintiffs from *McElroy, J.,* at October Term, 1922, of AVERY.

This is a controversy without action. The plaintiffs sought to recover from the defendant $180 taxes, paid under protest, for the year 1921. The judge found the facts and rendered judgment as follows: "The plaintiff Lees-McRae Institute is located on a tract of land at or near Plumtree, in the county of Avery, on which the school is conducted, and the corporation is the owner of an additional tract of land located about three miles distant from said school; the said tract contains about 1,150 acres, and it had not been assessed for taxes until the year 1921, when the county commissioners of Avery County caused a levy of $150 to be assessed against said 1,150 acres of land; all the rents and profits from said 1,150-acre tract have been applied exclusively to educational purposes at said institute, and for no other purpose, and said property of 1,150 acres of land was not purchased and has not been held for the purpose of speculation."

"It is now considered, ordered, and adjudged by the court that the said 1,150-acre tract is not exempt from taxation, and the tax assessed and collected was authorized by law at the time said property was assessed for taxation." The plaintiffs appealed.

*Love & Lowe for plaintiffs.*
*J. W. Ragland for defendant.*

CLARK, C. J.   The only question presented is as to the correctness of
the ruling by the court that the property in question is liable to taxation.
The plaintiff is a corporation, created by act of General Assembly,
ratified 25 February, 1907.   "To establish an institution to provide
Christian education and manual training for boys and girls, and do
other institutional work in the mountains of North Carolina."   Section
7 of the act provides:   "So long as the property owned, or to be owned,
by such corporation shall be used for church, school, or charitable pur-
poses the same shall be exempt from all taxes, State, county, or munici-
pal."   The plaintiff claimed exemption from taxation under this section
of its charter and general laws, 1921 ch. 38, sec. 72, subsec. 4, which
provides that "buildings, with the land they actually occupy wholly
devoted to educational purposes, belonging to and actually and exclu-
sively occupied and used by churches, public libraries, incorporated
colleges, academies, industrial schools, seminaries, or other corporate
institutions of learning, together with such additional adjacent land
owned by such churches, libraries, and educational institutions as may
be reasonably necessary for the convenient use of such buildings, respec-
tively, and also the buildings thereon used as residences by the officers or
instructors of such educational institutions," shall be exempt from
taxation.

The 1,150 acres is located a distance of 3 miles from the school prop-
erty.   About 100 acres of this have been cleared and put in cultivation,
a part of which has been rented for part of the crops, and the other
portion of said cleared land has been used for grazing purposes.   The
rents and profits from said land have been applied exclusively for educa-
tional purposes and none other.

The ruling of his Honor is correct.   The principle governing this
case is well settled by our authorities.   In *United Brethren v. Comrs.,*
115 N. C., 490, it is said:   "The general rule is liability to taxation, and
that all property shall contribute its share to the support of the Govern-
ment which protects it.   Exemption from taxation is exceptional.   It
needs no citation from reiterated precedents that such exemptions should
be strictly construed, and if we have any doubts (which we have not)
they should be resolved in favor of liability to taxation.   *R. R. v. Alls-
brook,* 110 N. C., 139."   In that case it was said that the fundamental
principle of our Constitution is that all property shall be taxed uni-
formly except that which is either expressly exempted by the Constitu-
tion itself, or as to which the power of exemption by the Legislature is
left discretionary within the limits prescribed by the Constitution, citing
*Redmond v. Comrs.,* 106 N. C., 122.

It certainly cannot be said that a tract of land, located three miles
from the property actually used for the school (which is not assessed for

taxes), almost all of which is in forest, or at least not cleared, and that portion of it which has been cleared is rented out for a part of the crops and used for grazing purposes, comes within the definition or meaning of the language of the law which defines and describes property exempt from taxation, under the rules laid down in *United Brethren v. Comrs.,* *supra,* in which case it was pointed out that while the Legislature had exempted property whose rental was applied exclusively to religious, charitable, or benevolent institutions, it had not extended such exemption to property whose rental is applied to educational purposes. This distinction is retained in the present statute, C. S., 7768, which provides: "No property whatever held or used for investment, speculation, or rent shall be exempt other than bonds of this State and of the United States Government, unless said rent, or the interest on or income from such investments shall be used exclusively for religious, charitable, or benevolent purposes, or the interest upon the bonded indebtedness of said religious, charitable, or benevolent institutions."

In *Davis v. Salisbury,* 161 N. C., 56, *Hoke, J.,* fully discusses the question here presented, reviewing the case above cited, and the whole matter is so clearly stated with citation of authorities by *Judge Hoke* that nothing is left to be added. The whole subject was again reviewed by *Hoke, J.,* in *Southern Assembly v. Palmer,* 166 N. C., 75.

The fundamental principle of equality and uniformity in the taxation of property in the Constitution is based upon the sound principle that whenever property, which is not expressly exempted by the Constitution from taxation or within the discretionary authority given the Legislature to exempt property is left untaxed, it unjustly adds to the taxes of those who already are paying their fair share of taxation, the amount of taxes which the property thus illegally exempted should rightly bear.

The decision of his Honor must be

Affirmed.