SALISBURY HOSPITAL, INCORPORATED, v. ROWAN COUNTY.

(Filed 28 June, 1933.)

**Taxation B d—Hospital not a charitable association nor its property used exclusively for charity held not exempt from taxation.**

The property of a hospital organized as a business corporation and charging all patients according to a fixed schedule is held not exempt from taxation, N. C. Code, 7971(17), 7971(18), although patients unable to pay were relieved of payment and classed as charity patients, and although its stockholders, though not waiving their right to dividends, did not expect to receive dividends when they subscribed for stock, and no dividends were paid thereon for the years for which taxes were assessed, the hospital not being a charitable corporation, nor its property used entirely for charitable purposes, Art. V, sec. 5.

APPEAL by plaintiff from *Barnhill, J.*, at January Term, 1933, of ROWAN. No error.

HOSPITAL *v.* ROWAN COUNTY.

The plaintiff is a corporation organized under the laws of this State, with its principal office and place of business in the city of Salisbury, Rowan County, North Carolina. It has an authorized capital stock of $250,000, divided into 2,500 shares, each of the par value of $100.00. It was authorized to begin business when $60,000 of its capital stock had been subscribed for. Stock for this amount was subscribed for by residents of the city of Salisbury, and the plaintiff began business as authorized by its certificate of incorporation in 1921. Since said date, the plaintiff has been and is now engaged in the business of operating a general hospital and conducting a training school for nurses in connection with said hospital in the city of Salisbury, N. C.

During the years 1929, 1930, and 1931, the plaintiff owned a lot of land, with the buildings located thereon, situate in the city of Salisbury; it also owned certain personal property, consisting of furniture and equipment in said buildings. This property, both real and personal, was used by the plaintiff in the operation of its hospital and in the conduct of its training school for nurses.

The defendant, Rowan County, caused the property owned by the plaintiff, both real and personal, to be assessed and listed for taxation during the years 1929, 1930, and 1931. The plaintiff has not paid the taxes levied on its property by the defendant for said years, and the defendant has advertised or threatens to advertise said property for sale for the collection of said taxes.

This action was begun on 12 April, 1932, for the purpose of obtaining a judgment declaring that the property, both real and personal, owned by the plaintiff, and used by it as a hospital and training school for nurses, during the years 1929, 1930, and 1931, was exempt from taxation by the defendant, for the reason that said property was used by the defendant, not for profit, but purely and completely for charitable purposes.

All the evidence at the trial tended to show that the plaintiff was organized as a business corporation, and not as a charitable association, and that plaintiff charged all patients admitted to its hospital according to a fixed schedule, and collected from such patients as were able to pay such charges, but that it did not attempt to collect such charges from patients who were found upon investigation to be unable to pay. Patients were classified by plaintiff as pay patients and as charity patients. The latter were relieved of all charges made against them. No profit was made by plaintiff from its business during the years 1930 and 1931. A profit was realized by plaintiff from its business during the year 1929. This profit was applied as a payment on plaintiff's indebtedness. No dividend was paid by plaintiff during the years 1929, 1930, or 1931, to its stockholders. There was evidence tending to show that stockholders of the plaintiff, at the time they subscribed and paid for their stock, did

not expect to receive dividends, but there was no evidence tending to show that stockholders had waived their right to dividends, or that plaintiff by corporate action had dedicated its property, real or personal, exclusively to charitable purposes.

The issue raised by the answer of the defendant to the complaint in this action, was submitted to the jury and answered as follows:

"Was the plaintiff during the years 1929, 1930, and 1931 a hospital conducted entirely and completely as a charitable institution, as alleged in the complaint? Answer: No."

From judgment (1) that plaintiff was not a charitable organization during the years 1929, 1930, and 1931, as alleged in the complaint; (2) that the property, real and personal, described in the complaint, was not exempt from taxation by the defendant during said years; (3) that defendant be not enjoined or restrained from collecting the taxes levied by defendant on said property for said years; and (4) that defendant recover of plaintiff its costs in this action, the plaintiff appealed to the Supreme Court.

*Lee Overman Gregory for plaintiff.*
*Craige & Craige and Charles Price for defendant.*

CONNOR, J. In *Latta v. Jenkins,* 200 N. C., 255, 156 S. E., 857, it is said: "By virtue of the provisions of section 3 of Article V of the Constitution of North Carolina, all property, real and personal, in this State, is subject to taxation, in accordance with a uniform rule, under laws which the General Assembly is required by the Constitution to enact, without regard to its ownership, and without regard to the purposes for which specific property is held, unless exempted by or under the provisions of section 5 of said Article. The provisions of said section that property belonging to or owned by the State or municipal corporations, shall be exempt from taxation, is self-executing and requires no legislation to make it effective. *Andrews v. Clay County,* 200 N. C., 280, 156 S. E., 855. Under this section, the General Assembly may exempt property in this State held for educational, scientific, literary, charitable or religious purposes. The power of exemption thus conferred on the General Assembly by the Constitution, to be exercised in its legislative discretion, may be exercised to the full extent, or in part, or not at all, as the General Assembly may determine. The general rule established by the Constitution is that all property in this State is liable to taxation, and shall be taxed in accordance with a uniform rule. Exemption of specific property, because of its ownership by the State or by municipal corporations, or because of the purposes for which it is held and used, is exceptional. The mandatory constitutional provision that property belonging to or owned by the State or municipal

corporations shall be exempt from taxation is in language so clear and free from ambiguity that ordinarily there is no room for construction as to its application to specific property. *Southern Assembly v. Palmer*, 166 N. C., 75, 82 S. E., 18. Statutes enacted by the General Assembly exempting specific property from taxation, because of the purposes for which such property is held and used, are and should be construed strictly, when there is room for construction, against exemption and in favor of taxation, *Trustees v. Avery County*, 184 N. C., 469, 114 S. E., 696; *United Brethren v. Commissioners*, 115 N. C., 489, 20 S. E., 626. Exemption of specific property from taxation because of the purposes for which it is held and used, is a privilege, which the General Assembly has the power to confer on its owner or owners, within the limitations of the Constitution of the State. In the absence of a clearly expressed intention on the part of the General Assembly to confer this privilege of exemption from taxation, with respect to specific property, such property is subject to taxation in accordance with the general rule that all property in this State is liable to taxation for the purpose of supporting the government of the State, or of its political subdivisions."

Applying the foregoing principles to the facts shown by all the evidence at the trial of this action, we are of opinion that there was no error in the instruction of the court with respect to the issue submitted to the jury. There was no evidence tending to show that the property, real or personal, owned by the plaintiff, and used by it in the operation of its hospital and in the conduct of its training school for nurses, was exempt from taxation under the provisions of C. S., 7971(17) and C. S., 7971(18). The plaintiff is not a charitable association, nor was its property used by it entirely and completely for charitable purposes. For that reason it was not exempt from taxation by the defendant. The judgment is affirmed.

No error.