IN THE MATTER OF: APPEAL OF FAYETTE PLACE LLC FROM THE DECISION OF THE DURHAM COUNTY BOARD OF EQUALIZATION AND REVIEW DENYING PROPERTY TAX EXEMPTION FOR CERTAIN PROPERTY FOR THE 2005 TAX YEAR

No. COA07-1483

(Filed 18 November 2008)

**Taxation— ad valorem—exemption**

A whole record test revealed that the North Carolina Property Tax Commission did not err by concluding the pertinent property belonged to the Durham Housing Authority and was exempt from ad valorem taxation because: (1) although legal title to the property was held by Fayette Place, the possession of legal title is not determinative as to the question of ownership; (2) where the state possesses a sufficient interest in the property, such as equitable title to the property, the property is said to belong to the state even where legal title to the property is held by another party; (3) Fayette Place is wholly controlled by subsidiary corporations of the Housing Authority, which qualifies as a unit of state government, and thus the property belongs to the Housing Authority for purposes of N.C.G.S. § 105-278.1(b); and (4) the property was exempted from ad valorem taxation according to both the constitutional exemption in Art. V, § 2(3) and the statutory exemption in N.C.G.S. § 105-278.1.

Appeal by Durham County from final decision entered 7 August 2007 by the North Carolina Property Tax Commission. Heard in the Court of Appeals 1 May 2008.

*Kennon, Craver, Belo, Craig & McKee, PLLC, by Henry W. Sappenfield, for taxpayer appellant.*

*County of Durham Tax Administration, by Assistant County Attorney Kathy R. Everett-Perry, for Durham County respondent appellee.*

McCULLOUGH, Judge.

FACTS

In 2002, Fayette Place LLC ("Fayette Place"), a North Carolina limited liability company, was organized for the purpose of redeveloping the Fayetteville Street public housing project ("the property") as an Affordable Housing Community. Fayette Place was

formed as a joint venture between Development Ventures, Inc. ("DVI"), which owned 99% of the newly formed company, and Creative Housing Development Strategies, Inc. ("CHD"), which owned 1% of the newly formed company. CHD, a North Carolina business corporation, is a wholly owned subsidiary of DVI. DVI, a North Carolina non-profit corporation, is itself wholly owned by The Housing Authority of the City of Durham, North Carolina ("Housing Authority"), a quasi-governmental entity.

On 27 December 2002, the Housing Authority transferred ownership of the property to Fayette Place, subject to a declaration of restrictive covenants. Under the terms of this declaration, Fayette Place would operate the property as a public housing project for the benefit of the Housing Authority. On 2 November 2005, the Durham County Board of Equalization and Review ("Durham County Board") denied Fayette Place's application to exempt the property from *ad valorem* taxation for the 2005 tax year. On 14 November 2005, Fayette Place appealed this decision to the North Carolina Property Tax Commission ("Commission"). On 19 April 2007, this matter was heard before the Commission. On 7 August 2007, the Commission entered an order reversing the decision of the Durham County Board. According to the Commission, the property was exempt from taxation, as provided under N.C. Gen. Stat. § 105-278.1(3)(d) (2007) because the property "belongs to" the Housing Authority. Durham County ("County") now appeals.

I.

County first argues the Commission erred in concluding that the property belonged to the Housing Authority and was exempt from *ad valorem* taxation. We disagree.

Our General Statutes provide that:

So far as [is] necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any [Property Tax] Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the Commission; or

(3) Made upon unlawful proceedings; or

(4) Affected by other errors of law; or

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 105-345.2(b) (2007). "In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party[.]" N.C. Gen. Stat. § 105-345.2(c). In conducting its review, " '[t]he court may not consider the evidence which in and of itself justifies the [Commission's] decision without [also] taking into account the contradictory evidence or other evidence from which conflicting inferences could be drawn.' " *In re Moses H. Cone Memorial Hospital*, 113 N.C. App. 562, 571, 439 S.E.2d 778, 783 (1994) (citation omitted). "[T]he legal effect of evidence and the ultimate conclusions drawn by an administrative tribunal from the facts . . . are questions of law" and will be reviewed *de novo. Employment Security Com. v. Kermon*, 232 N.C. 342, 345, 60 S.E.2d 580, 583 (1950); *see In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003). However, "the 'whole record' test is not a tool of judicial intrusion; 'instead, it merely gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence.' " *In re Appeal of Owens*, 132 N.C. App. 281, 286, 511 S.E.2d 319, 323 (1999) (citation omitted).

"The general rule established by the Constitution is that all property in this State is liable to taxation, and shall be taxed in accordance with a uniform rule. Exemption of specific property, because of its ownership by the State or by municipal corporations, or because of the purposes for which it is held and used, is exceptional." *Hospital v. Rowan County*, 205 N.C. 8, 10, 169 S.E. 805, 806 (1933) (citation omitted). Statutes granting such exemptions "should be construed strictly, when there is room for construction, against exemption and in favor of taxation." *Salisbury Hospital*, 205 N.C. at 11, 169 S.E. at 806. Where a taxpayer seeks an exemption from *ad valorem* taxation, it is the taxpayer who bears the burden of proving

that its property meets the statutory requirements. *In re Appeal of Appalachian Student Housing Corp.*, 165 N.C. App. 379, 384, 598 S.E.2d 701, 704 (2004).

Under our State Constitution, "[p]roperty belonging to the State, counties and municipal corporations shall be exempt from taxation." N.C. Const. Art. V, § 2(3). Our General Statutes reiterate this exemption, providing that "[r]eal and personal property belonging to the State, counties, and municipalities is exempt from taxation." N.C. Gen. Stat. § 105-278.1(b). For the purposes of this statute, "[a] housing authority created under G.S. 157-4 or G.S. 157-4.1" qualifies as a unit of state government. N.C. Gen. Stat. § 105-278.1(3)(d).

Here, County argues that the property should not be exempted from *ad valorem* taxation because the property belongs to Fayette Place, a for-profit company, and not the Housing Authority. The Commission rejected County's argument and determined that the property did, in fact, belong to the Housing Authority.

In *In re Appeal of Appalachian Student Housing Corp.*, 165 N.C. App. 379, 598 S.E.2d 701, this Court determined that a housing complex, owned by a non-profit corporation and operated for the benefit of a state university, "belonged to" the state for the purposes of N.C. Gen. Stat. § 105-278.1(b). In reaching this conclusion, the *Appalachian* Court held:

> Neither the North Carolina Constitution nor G.S. § 105-278.1(b) require the State to have legal title in order to exempt the property from taxation. Nor do we find persuasive Watauga County's argument that the *ad valorem* tax exemption law of North Carolina applies only to exempt property to which the taxpayer holds legal title.

*Id.* at 388, 598 S.E.2d at 706.

On review of the instant case, we hold the record contains sufficient evidence to show that the property belongs to the Housing Authority. Although legal title to the property is held by Fayette Place, we have previously held that the possession of legal title is not determinative as to the question of ownership. *See id.* Instead, this Court will focus its inquiry on the state's interest in the property. Where the state possesses a sufficient interest in the property, such as equitable title to the property, the property is said to belong to the state even where legal title to the property is held by another party. *See id.* Here, Fayette Place is wholly controlled by subsidiary corporations of the

Housing Authority. Under this labyrinthine ownership structure, complete ownership of Fayette Place can be imputed to the Housing Authority. As the Housing Authority possesses complete ownership of Fayette Place, the possessor of legal title to the property, we hold that the property belongs to the Housing Authority for the purposes of N.C. Gen. Stat. § 105-278.1(b). Therefore, the property is exempted from *ad valorem* taxation according to both the constitutional exemption in Art. V, § 2 and the statutory exemption in § 105-278.1. The County's assignment of error is overruled, and the final decision appealed from is affirmed.

Affirmed.

Judges TYSON and STROUD concur.