An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-414

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

v.

DENNIS ROGER VANDYKE
    Defendant

Rutherford County
Nos. 04-CRS-55985, 55989-91

Appeal by Defendant from judgment entered 7 November 2013 by Judge Wayne Abernathy in Rutherford County Superior Court. Heard in the Court of Appeals 8 September 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Scott T. Slusser, for the State.*
>
> *Charlotte Gail Blake for Defendant.*

BELL, Judge.

Dennis Roger Vandyke ("Defendant") appeals from his convictions for assaulting a law enforcement officer with a firearm, discharging a weapon into occupied property, felony fleeing to elude arrest, and the related misdemeanors of driving while his license was revoked and driving with a fictitious tag.

On appeal, Defendant argues that (1) his trial attorney's stipulation to his prior felony conviction, which later became irrelevant, deprived him of his constitutional right to effective assistance of counsel; and (2) the trial court erred in trying and sentencing him for the misdemeanor charges of driving while his license was revoked and driving with a fictitious tag after the statute of limitations for bringing these charges had expired. After careful review, we conclude that Defendant received a fair trial free from prejudicial error.

**Factual Background**

The State presented evidence at trial tending to establish the following facts: On 19 November 2004, Defendant went to the office of Danielle Rogers-Berkowitz ("Dr. Rogers"), his chiropractor, located in Forest City, North Carolina, for a follow-up visit. When Defendant drove into the parking lot that day, Dr. Rogers asked one of her staff members to call the police because "[Defendant] was acting strange and had caused some concern" at her office.

Officers Jamie Dunn ("Officer Dunn") and Robert Davis ("Officer Davis") of the Forest City Police Department received the call and reported to the scene. Officer Dunn had had several previous encounters with Defendant and immediately

recognized him standing outside his van. However, Officer Dunn did not want to confront Defendant in the parking lot in the vicinity of the general public. After a few minutes, Defendant entered his vehicle and began to drive out of the parking lot. At this point, Officer Dunn notified Officer Davis that Defendant was leaving the parking lot and coming toward his location.

Officer Davis decided to stop Defendant's van because its license plate belonged to a different vehicle that was not registered in Defendant's name. When Defendant refused to pull over, Officer Davis activated his siren and pursued Defendant. The chase ultimately ended near Defendant's home on Atlas Drive. Officer Dunn, having had previous encounters with Defendant and believing he was dangerous, had already requested that the dispatcher send officers to Defendant's home.

At one point during the chase, Defendant drove down a dirt road, stopped his van, and shot at Officer Davis' patrol vehicle from inside his van. The officers later found Defendant's unoccupied van with the driver's side door open and the back windshield missing. Defendant was arrested near his home and a shotgun was found about 20 to 25 meters from the location at which Defendant was taken into custody.

On 8 December 2004, a motion was filed and an order was entered requiring Defendant to undergo a forensic evaluation to determine his capacity to proceed to trial. On 5 January 2005, Defendant was admitted to the pre-trial unit of Dorothea Dix Hospital and evaluated by Drs. Charles Vance ("Dr. Vance") and Maureen Lyons Reardon ("Dr. Reardon"). Drs. Vance and Reardon diagnosed Defendant as suffering from undifferentiated schizophrenia and discharged him to the custody of the Sheriff of Rutherford County as incapable of proceeding to trial. Drs. Vance and Reardon also recommended that Defendant be committed to an inpatient psychiatric facility for treatment to restore his capacity.

On 20 January 2005, the trial court entered an order finding Defendant incapable of proceeding to trial so Defendant was involuntarily committed at Broughton Hospital. At this time, the State dismissed all charges against Defendant with leave to refile.

After Defendant's release from Broughton Hospital, federal law enforcement officers brought charges against Defendant for federal firearms violations. Defendant pled guilty and spent approximately seven years in federal custody. On 4 January 2012, after Defendant was released from federal custody, the State reinstated all charges against Defendant.

On 29 October 2012, a grand jury indicted Defendant for (1) assaulting a law enforcement officer with a firearm; (2) discharging a weapon into occupied property; (3) fleeing to elude arrest; (4) possessing a firearm as a convicted felon; and (5) the related misdemeanors of driving with his license revoked and driving with a fictitious tag.

Defendant's case came on for trial on 5 November 2013. At the beginning of his trial, the State and Defendant's counsel agreed to stipulate to Defendant's prior felony conviction, thereby establishing one of the elements of Defendant's charge of possessing a firearm while being a convicted felon. The parties agreed that the jury would only hear the fact that Defendant had a prior felony conviction but not the nature of the felony — fleeing to elude arrest.

At trial, Defendant testified on his own behalf. During his testimony, Defendant admitted that he had previously pled guilty to and served a sentence for a federal charge of possessing a firearm as a convicted felon arising from the same events for which he was currently on trial.

After the close of all the evidence, but before the delivery of the jury instructions, the trial court determined that under the North Carolina statute in place in 2004,

Defendant could not be convicted of possession of a firearm by a convicted felon and dismissed that charge.

On 7 November 2013, the jury returned a verdict finding Defendant guilty of each remaining charge, including the misdemeanor offenses. That same day, the trial court sentenced Defendant to two concurrent sentences of 34 to 50 months imprisonment based upon his felony convictions for assaulting a law enforcement officer and discharging a weapon into occupied property. In its judgment, the trial court consolidated Defendant's misdemeanor convictions for driving with a revoked license and driving with a fictitious tag with his conviction for felony fleeing to elude arrest. For these convictions, Defendant was sentenced to an additional consecutive term of 8 to 10 months imprisonment. Defendant gave notice of appeal in open court.

## Analysis

### I.  Ineffective Assistance of Counsel

Defendant first argues that he received ineffective assistance of counsel due to his trial counsel's stipulation that he had a prior felony conviction, which later became irrelevant given that the trial court later concluded that Defendant could not be successfully prosecuted for possession of a firearm by a convicted felon under the version of the

applicable statute that was in effect on 19 November 2004 and dismissed that charge. Specifically, Defendant contends that he was prejudiced by his trial counsel's action, as the jury would not have otherwise learned of his prior felony conviction but for his trial counsel's stipulation. We disagree.

In order to prevail on a claim for ineffective assistance of counsel,

> a defendant must show that (1) defense counsel's 'performance was deficient,' and (2) 'the deficient performance prejudiced the defense.' Counsel's performance is deficient when it 'falls below an objective standard of reasonableness.' Deficient performance prejudices a defendant when there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'

*State v. Waring*, 364 N.C. App. 443, 502, 701 S.E.2d 615, 652 (2010) (citing and quoting *Strickland v. Washington*, 466 U.S. 668, 687, 691, 80 L.E.2d 674, 693, 698 (1984)).[1]

---

[1] In apparent recognition of the difficulty that he faces in satisfying the prejudice component of the test enunciated in *Strickland*, as discussed in the text of this opinion, Defendant argues that his trial counsel's decision to stipulate to his prior felony conviction constituted such a complete failure "to subject the prosecution's case to meaningful adversarial testing" as to obviate the necessity for a showing of prejudice. *Cronic v. United States*, 466 U.S. 648, 659, 80 L. Ed. 2d 657, 674 (1984). However, the record in this case does not show the "complete" failure on the part of Defendant's trial counsel to subject the State's case to adversarial testing necessary to

Our Supreme Court has stated that "if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." *State v. Brasswell*, 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).

Defendant argues that his trial counsel's failure to recognize that he could not be convicted of being a felon in possession of a firearm under the 2004 North Carolina statute — thereby making the stipulation to his prior felony conviction irrelevant — constituted ineffective assistance of counsel because the jury would not have been made aware of his prior felony conviction had his trial counsel not stipulated to it. However, after carefully reviewing the record, we conclude that his trial counsel's stipulation did not adversely affect Defendant's chances for a more favorable outcome at trial and,

---

trigger the application of the principle enunciated in *Cronic. Bell v. Cone*, 535 U.S. 685, 696-97, 152 L. Ed. 2d 914, 928 (2002). As a result, given that Defendant's trial counsel did not "fail[] to oppose the prosecution throughout the [trial] as a whole," but rather, according to Defendant, "failed to do so at [a] specific point," *id.* at 697, 152 L. Ed. 2d at 928, *Strickland*, rather than *Cronic*, is controlling with respect to this claim.

therefore, Defendant was not prejudiced by his trial counsel's performance.

The State's evidence tends to show that, when law enforcement officers attempted to stop Defendant based on the tip that they had received from Dr. Rogers' office, Defendant attempted to elude the officers. At one point during the ensuing high speed chase, Defendant fired a shot at Officer Davis' patrol vehicle. A shotgun was found in close proximity to Defendant at the time that he was taken into custody. Because an officer involved in chasing and apprehending Defendant knew him, there was little chance that he was the victim of a mistaken identification, as Defendant's trial testimony tends to suggest. Aside from the strength of the State's case, Defendant testified on his own behalf at trial and disclosed information about his prior federal felony conviction, which the State could have used for impeachment purposes.

Moreover, the jury was specifically instructed that a prior felony conviction was not evidence of Defendant's guilt on the charges, thereby insulating Defendant from any possible prejudice, when the trial court gave the following limiting jury instruction:

> As you may recall, there was a stipulation entered by the attorneys earlier that the defendant had previously been convicted of a

> felony. A prior conviction is not evidence of the defendant's guilt in this case on these charges. You may not convict a defendant on the present charges because of something he may have done in the past.

Finally, the charge against Defendant for which the stipulation was an essential element — possessing a firearm as a convicted felon — was ultimately dismissed by the trial court. As such, Defendant's argument that a different result would have been probable had his trial counsel not stipulated to his prior felony conviction is without merit.

The State presented ample evidence at trial from which a jury could convict Defendant of assaulting a law enforcement officer with a firearm, discharging a weapon into occupied property, feloniously fleeing to elude arrest, driving while his license was revoked, and driving a vehicle with a fictitious tag. Defendant has not shown that there is a reasonable probability that the jury would have reached a different result had his trial counsel not stipulated to his prior felony conviction. Accordingly, this argument is overruled.

## II. Prosecution of Misdemeanors after Expiration of Statute of Limitations

Defendant's final argument on appeal is that the trial court erred in trying and sentencing him for his misdemeanor charges of driving while his license was revoked and driving

with a fictitious tag after the statute of limitations had expired.

Pursuant to N.C. Gen. Stat. § 15-1, "all misdemeanors . . . shall be presented or found by the grand jury within two years after the commission of the same, and not afterwards." N.C. Gen. Stat. § 15-1 (2013). Here, the State initially charged Defendant using magistrate's warrants on each of his charges, including his misdemeanor charges of driving while his license was revoked and driving with a fictitious tag, on 19 November 2004. On 20 January 2005, the trial court entered an order finding Defendant incapable of proceeding to trial so the State dismissed all charges against Defendant with leave to refile pursuant to N.C. Gen. Stat. § 15A-1009[2]. On 4 January 2012, the

---

[2] N.C. Gen. Stat. § 15A-1009 was repealed by S.L. 2013-18 s. 6, effective 1 December 2013, but still applied to all crimes committed prior to that date. It stated, in pertinent part, as follows:

> a. If a defendant is found by the court to be incapable of proceeding and the charges have not been dismissed pursuant to G.S. 15A-1008, a prosecutor may enter a dismissal with leave under this section.
>
> b. Dismissal with leave results in removal of the case from the docket of the court, but all process outstanding, with the exception of any appearance bond, retains its validity, and all necessary actions in the case may be taken.

State reinstated the charges against Defendant after he regained mental capacity and was capable of proceeding to trial. On 29 October 2012, a grand jury indicted Defendant on all charges.

On appeal, Defendant contends that the trial court erred in allowing the State to try and convict him on the misdemeanor charges arising from the 2004 events because he was not indicted on these charges until 2012, after the two-year statute of limitations had expired. However, Defendant has waived appellate review of this issue by failing to object at trial.

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1) (2013). Our Supreme Court has recognized that "[p]lain

---

. . .

        d. Upon the defendant becoming capable of proceeding, or in the discretion of the prosecutor when he believes the defendant may soon become capable of proceeding, the prosecutor may reinstate the proceedings by filing written notice with the clerk, with the defendant and with the defendant's attorney of record.

N.C. Gen. Stat. § 15A-1009(a), (b), (d) (2012).

error review is available in criminal appeals, for challenges to jury instructions and evidentiary issues, . . . [and] only in truly exceptional cases." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transport Co., Inc.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008). Additionally, in order to have a purported error that was not preserved at trial nevertheless be reviewed on appeal, the defendant must "specifically and distinctly" allege that the challenged judicial decision amounts to plain error. N.C.R. App. P. 10(a)(4) (2013).

The specific error alleged by Defendant involves neither jury instructions nor a ruling on the admissibility of evidence. Moreover, Defendant did not object at trial nor did he "specifically and distinctly" allege plain error on appeal, and has therefore failed to properly preserve this issue for appeal. N.C.R. App. P. 10; *see also State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 32 (1996), *cert. denied*, 525 U.S. 952, 142 L. Ed. 2d 315 (1998) (declining to review unpreserved issue on appeal under Rule 10(a)(4), as issue did not involve jury instructions or admissibility of evidence and defendant had not specifically alleged plain error).[3]

---

[3] Although Defendant contends that the fact that he was indicted for the misdemeanors for which he was convicted more than two years after the date upon which the offenses with which he was

Nor is Rule 2 of the North Carolina Rules of Appellate Procedure, which Defendant has not attempted to invoke, applicable to this case. Rule 2 provides:

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may . . . suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2 (2013). However, Rule 2 is only to be invoked "on rare occasions and under exceptional circumstances." *Dogwood Dev. & Mgmt Co., LLC v. White Oak Transport Co., Inc.*, 192 N.C. App. 114, 123, 665 S.E.2d 493, 500 (2008) (citation and quotation marks omitted). Even if, assuming *arguendo*, the trial

---

charged allegedly occurred constitutes a jurisdictional defect that is not subject to waiver, our Supreme Court has repeatedly held that a defendant must assert the statute of limitations before the trial court in order to take advantage of it on appeal. *State v. Colson*, 222 N.C. 28, 30, 21 S.E. 2d 808, 809 (1942) (stating that "[t]he defendant did not plead the statute [of limitations] or in apt time call it to the attention of the court"); *State v. Brinkley*, 193 N.C. App. 747, 748, 138 S.E. 2d 138, 139 (1927) (stating that, "if the statute of limitations is relied on it should be brought to the attention of the judge") (citing *State v. Holder*, 133 N.C. 709, 711, 45 S.E. 2d 862, 863 (1903)). As a result, given that the trial court had jurisdiction over the misdemeanor charges that had been lodged against Defendant pursuant to N.C.G.S. §§ 7A-271(a)(3) and 15A-922(g) and given that the statute of limitations is a waivable defense, we conclude that Defendant's jurisdictional argument lacks merit.

court erred in allowing the State to prosecute Defendant for his misdemeanor charges after the statute of limitations had expired, Defendant's overall sentence would be unaffected if this Court vacated those convictions and remanded for resentencing. Therefore, this argument is overruled.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from prejudicial error.

NO PREJUDICIAL ERROR.

Judges ERVIN and McCULLOUGH concur.

Report per Rule 30(e).