BRYANT, Judge.
Where taxpayer equipment was used "directly and exclusively for the conversion of solar energy to electricity," though under construction, the use of the equipment was within the criteria set forth in General Statutes, section 105-275(45), a tax exemption statute. Accordingly, we affirm the order of the Property Tax Commission concluding the equipment was exempt from taxation to the extent set forth in the statute.
Following a 3 January 2017 hearing before the Bladen County Board of Commissioners, taxpayer CB Bladen Solar, LLC, received notice that the decision of the Board was to deny taxpayer's request for a 2016 tax exemption on personal property-solar energy electric equipment-valued at $8,310,274.00. Taxpayer appealed the decision to the North Carolina Property Tax Commission.
As similar requests for a 2016 tax exemption for solar equipment had been made, denied, and appealed in eight other cases, the nine matters were consolidated for hearing before the Property Tax Commission (Snow Camp, LLC from the decision of the Alamance County Board of Equalization and Review; Kelford Owner, LLC, from the decision of the Bertie County Board of Equalization and Review; CB Bladen Solar, LLC, from the decision of the Bladen County Board of Equalization and Review; Innovative Owner 63, LLC, from the decision of the Greene County Board of Equalization and Review; Coats Solar, LLC, from the decision of the Harnett County Board of Equalization and Review; Maxton Solar 1, LLC, from the decision of the Robeson County Board of Equalization and Review; Jacob Solar, LLC, from the decision of the Rockingham County Board of Equalization and Review; Vance Solar 1, LLC, from the decision of the Vance County Board of Equalization and Review; and Highwater Solar 1, LLC, from the decision of the Wayne County Board of Equalization and Review). Taxpayer solar companies and counties filed cross motions for summary judgment. The matters were heard in Wake County on 14 September 2017 before the Property Tax Commission sitting as the State Board of Equalization and Review.
On 10 January 2018, the Property Tax Commission entered an order In the Matter of the Appeal of: CB Bladen Solar, LLC, Appellant. A divided panel of the Commission granted summary judgment in favor of plaintiff solar companies granting partial tax exempt status to partially constructed solar energy equipment. The order was predicated on the conclusion that the partially constructed equipment satisfied the statutory definition for tax exemption set forth in General Statutes, section 105-275 (granting a property tax exclusion for "equipment used directly and exclusively for the conversion of solar energy to electricity"). The counties appeal.
On appeal, the counties argue that the Property Tax Commission erred in holding that the tax exemption in N.C. Gen. Stat. § 105-275(45) applied to solar energy electric systems under construction. We disagree.
General Statutes, Chapter 105 ("Taxation"), section 105-345.2 ("Record on appeal; extent of review") governs this Court's review of orders or decisions by the Property Tax Commission. In accordance with our Rules of Appellate Procedure,
the [C]ourt shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The [C]ourt may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:
(1) In violation of constitutional provisions; or
(2) In excess of statutory authority or jurisdiction of the Commission; or
(3) Made upon unlawful proceedings; or
(4) Affected by other errors of law; or
(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or
(6) Arbitrary or capricious.
N.C. Gen. Stat. § 105-345.2(b) (2017). Moreover, the Court "shall review the whole record" in making the foregoing determinations. Id. § 105-345.2(c).
In conducting the whole record test statutorily required of a reviewing court, we must decide all relevant questions of law de novo , and review the findings, conclusions and decision to determine if they are affected by error or are unsupported by competent, material and substantial evidence in view of the entire record.
In re Appeal of Se. Bapt. Theol. Seminary, Inc. , 135 N.C. App. 247, 254, 520 S.E.2d 302, 306-07 (1999) (citation omitted).
The Constitution of North Carolina provides that
[o]nly the General Assembly shall have the power to classify property for taxation, which power shall be exercised only on a State-wide basis and shall not be delegated. No class of property shall be taxed except by uniform rule, and every classification shall be made by general law uniformly applicable in every county, city and town, and other unit of local government.
N.C. Const. art. V, § 2 (2). In accordance with that authority, the General Assembly enacted General Statutes, section 105-275 ("Property classified and excluded from the tax base").
The following classes of property are designated special classes under Article V, Sec. 2(2), of the North Carolina Constitution and are excluded from tax:
....
(45) Eighty percent (80%) of the appraised value of a solar energy electric system. For purposes of this subdivision, the term "solar energy electric system" means all equipment used directly and exclusively for the conversion of solar energy to electricity.
N.C. Gen. Stat. § 105-275(45) (2017) (emphasis added).
Both the taxpayers and the counties acknowledged before the Property Tax Commission that construction of the respective solar energy systems was completed during the 2016 calendar year. But on the tax assessment date, 1 January 2016, the taxpayers' respective solar energy systems were all under construction. The counties contend that because the taxpayers' solar energy systems were under construction on 1 January 2016, they were not "used" for the conversion of solar energy to electricity on the assessment date, and thus, the taxpayers' solar energy systems were not eligible for tax exemption under N.C. Gen. Stat. § 105-275(45).
"Statutes exempting specific property from taxation because of the purposes for which such property is held and used, are and should be construed strictly, when there is room for construction, against exemption and in favor of taxation." Harrison v. Guilford Cty. , 218 N.C. 718, 721, 12 S.E.2d 269, 272 (1940) (citations omitted). "By the rule of strict construction, however, is not meant that the statute shall be stintingly or even narrowly construed * * * but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used[.]" Seminary, Inc. v. Wake Cty. , 251 N.C. 775, 782, 112 S.E.2d 528, 533 (1960) (citation omitted).
In Seminary, Inc. , 251 N.C. 775, 112 S.E.2d 528, our Supreme Court considered whether real property on which a cafeteria was being constructed for the benefit of an adjacent seminary was exempt from taxation. The General Assembly had exempted real property
wholly devoted to educational purposes, belonging to, actually and exclusively occupied and used for ... seminaries ... together with such additional adjacent land owned by such ... educational institutions as may be reasonably necessary for the convenient use of such buildings ....
Id. at 782, 112 S.E.2d at 532. A trial court judge presiding in Wake County Superior Court heard the matter and initially determined that the "properties on which construction of the cafeteria building had begun w[ere] in 'actual use' within [the] express terms of the statute." Id. at 781, 112 S.E.2d at 532. On appeal, our Supreme Court determined that the words of the statute under review "[we]re clear and require[d] no construction." Id. at 782, 112 S.E.2d at 533. The cafeteria was being built for the seminary. Thus, "in the light of the language of the statute ... it appears that the [real property] ... [came] within the description of property permissively exempt from taxation...." Id. Accordingly, the Supreme Court affirmed the trial court's order.
It would appear the Supreme Court concluded that pursuant to the statute, the seminary was categorically exempt from taxation, and despite being under construction, the adjacent real property on which the cafeteria was being erected was used wholly for the convenience of the seminary. Id. at 781, 112 S.E.2d at 532. Thus, the statutory tax exemption encompassed the real property under construction as well. 251 N.C. 775, 112 S.E.2d 528.
We now consider General Statutes, section 105-275(45) (exempting "equipment used directly and exclusively for the conversion of solar energy to electricity").
While "[s]tatutes, exempting specific property from taxation because of the purposes for which such property is held and used, are and should be construed strictly ... against exemption and in favor of taxation[,]" Harrison , 218 N.C. at 721, 12 S.E.2d at 272 (citations omitted), "[it] is not meant that the statute shall be stintingly or even narrowly construed * * * but it means that everything shall be excluded from its operation which does not clearly come within the scope of the language used[.]" Seminary, Inc. , 251 N.C. at 782, 112 S.E.2d at 533 (citation omitted). As defined by the American Heritage College Dictionary, "use[d]" means "[t]o put into service or apply for a purpose; employ." Use , American Heritage College Dictionary (3rd ed. 1993).
Here, though the equipment was under construction, the taxpayers were using the equipment directly and exclusively for the purpose of conversion of solar energy to electricity and thus satisfied the statutory requirement set forth in N.C. Gen. Stat. § 105-275(45) ("equipment used directly and exclusively for the conversion of solar energy to electricity"). Accordingly, we affirm the order of the Property Tax Commission concluding that the taxpayers' equipment was exempt from taxation pursuant to section 105-275(45).
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR., and ARROWOOD concur.